PEOPLE *v.* ZESK.

1. CRIMINAL LAW—MURDER—ARGUMENT OF PROSECUTING ATTORNEY —OBJECTIONS—QUESTIONS REVIEWABLE.

Remarks of acting prosecuting attorney in opening and closing addresses to jury at trial of defendant for murder in the first degree, alleged to have been so highly inflammatory and prejudicial that defendant did not have a fair trial, *held,* not to call for any exception to general rule that objections to argument not made at the trial will not be considered when made for the first time on appeal.

2. Same—Murder—Statements by Accomplices.

Defendant, charged with murder in the first degree, may not complain as to the introduction of statements made by other participants in the crime where his own attorney introduced them, notwithstanding the statements undoubtedly had a very damaging effect.

3. Same—Accomplice—Credibility—Uncorroborated Testimony.

The credibility of an accomplice, like that of any other witness, is exclusively a question for the jury and a jury may convict on the uncorroborated testimony of an accomplice.

4. Same—Murder—Weight of Accomplice's Testimony—Request to Charge.

On trial for murder in the first degree wherein an accomplice who had pleaded guilty was the sole witness against defendant, it was not error for trial judge not to charge jury it must carefully consider the weight of the accomplice's testimony in the absence of a request so to do.

Appeal from Shiawassee; Collins (Joseph H.), J. Submitted April 13, 1944. (Docket No. 63, Calendar No. 42,341.) Decided June 5, 1944.

Frank Raymond Zesk was convicted of murder. Affirmed.

*Frederick P. Alexander,* for appellant.

*Herbert J. Rushton,* Attorney General, *Edmund E. Shepherd,* Solicitor General, and *James A. Quayle,* Prosecuting Attorney, for the people.

Butzel, J. Defendant was convicted of murder in the first degree. It was shown that he and one Tony Kozakiewiecz robbed a gasoline station in Owosso, Michigan, on the night of July 20, 1943; that while defendant kept watch outside, Kozakiewiecz entered the station and shot George Shaw, the attendant, who died a few days later. Kozakiewiecz and defendant divided the proceeds of the robbery, ap-

proximately $30. It is unnecessary to set forth the many other details of the robbery in view of the questions involved as propounded by appellant and to which we limit our opinion.

It is claimed that the acting prosecutor, both in the opening and closing addresses to the jury, indulged in such highly inflammatory and prejudicial remarks that defendant did not have a fair trial, and that objections on the part of defendant's counsel would not have eradicated the harm done. Defendant's counsel at the time of the trial made no objections to the remarks.

We have carefully examined the remarks. We .find that they were not so prejudicial or improper as to call for reversal, particularly in view of the fact that no objections were made. They did not call for any exception to the general rule that objections to argument not made at the trial but made for the first time on appeal will not be considered. *People* v. *Goldberg,* 248 Mich. 553; *People* v. *Connors,* 251 Mich. 99; *People* v. *Korn,* 217 Mich. 170.

Counsel for defendant claims that there was error in the introduction of certain sworn statements made and signed by Kozakiewiecz and two other parties by the names of Jolly and Losey. Kozakiewiecz made a number of statements that contain inconsistencies. His first one did not implicate defendant. He excuses the omission on the ground that he was fearful of bodily harm from defendant. His other two statements not only show that he and defendant perpetrated the robbery in question but others as well. Two statements of Donald Jolly also contain glaring inconsistencies but they do set forth many other crimes in which he said defendant was an active participant. Losey also made a written statement to the effect that he and defendant committed a number of larcenies. These statements un-

doubtedly had a very damaging effect. They were introduced not by the prosecution but by the attorney for defendant. He asked that the entire statements be introduced. No error can be complained of under the circumstances.

The sole witness against defendant was Kozakiewicz. He pleaded guilty to the crime. He described the minute details in connection with the robbery and murder, and defendant's active participation in it. Notwithstanding any inconsistencies in his previous statements, he was positive in his testimony. Defendant took the witness stand and denied participation in any of the robberies and the murder. He stated that at the time of the perpetration of the crime charged, he was in Detroit where he and his family had been living for some time prior to the day of the robbery. Notwithstanding that he gave a defective notice of an alibi, the court admitted the testimony of nine witnesses corroborating defendant's testimony that at the time of the murder he was at his home in Detroit and could not have been in Owosso, Michigan. The jury, however, believed the testimony of Kozakiewiecz. Evidently the jury decided that the alibi witnesses were either mistaken as to time or else that they did not tell the truth. Defendant claims that the trial judge in his charge should have directed the jury to look with suspicion on the testimony of a self-confessed murderer and perjurer. The correct rule is well stated in 1 Gillespie on Michigan Criminal Law & Procedure, § 379:

"The credibility of an accomplice, like that of any other witness, is exclusively a question for the jury, and it is well settled that a jury may convict on such testimony alone, and it is not error for the court to refuse to charge that it is not safe to convict a defendant, on the uncorroborated testimony of an accomplice."

Many cases are cited, including *People* v. *Dumas,* 161 Mich. 45, which has many features resembling those in the instant case. Also, see *People* v. *McCrea,* 303 Mich. 213. The trial judge probably would have charged the jury to carefully consider the weight of the accomplice's testimony had defendant's counsel made the request. There was no error.

Judgment is affirmed.

NORTH, C. J., and STARR, WIEST, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred.