PEOPLE *v.* WALKER.

1. Criminal Law—Accomplice—Credibility—Question for Jury.
    The credibility of an accomplice in a crime, like that of any other witness, is exclusively a question for the jury, and conviction of the defendant may be made on the uncorroborated testimony of the accomplice.

2. Same—Accomplice—Corroboration—Request to Charge.
    Refusal to give request to charge that conviction of the defendant may not be made on the uncorroborated testimony of an accomplice is not error.

3. Receiving Stolen Goods—Instructions—Accomplice—Corroboration—Credibility.
    Instruction to jury in prosecution for receiving stolen property wherein main testimony against defendant was uncorroborated testimony of an accomplice *held,* not an abuse of discretion, where trial judge instructed generally on the credibility of all witnesses and refused to instruct that it was not safe for jury to convict on uncorroborated testimony of accomplice (CLS 1961, 750.535; CL 1948, § 768.29; GCR 1963, 516.1).

4. Appeal and Error—Receiving Stolen Goods—Instructions.
    Court of Appeals will not reverse conviction for receiving stolen property for failure to give requested instruction requiring corroboration of an accomplice, where charge of trial court, considered as a whole, fairly and fully presented the law applicable to the issue (CLS 1961, § 750.535).

5. Same—Receiving Stolen Goods—Evidence.
    Court of Appeals will not reverse conviction for receiving stolen property where record presented competent and sufficient testimony to substantiate jury's verdict of guilty (CLS 1961, § 750.535).

---

References for Points in Headnotes
[1, 2]  20 Am Jur, Evidence § 1235 *et seq.*
[2, 3]  53 Am Jur, Trial §§ 618, 739–741, 786.
[1–3]  21 Am Jur 2d, Criminal Law § 118.
[4]  5 Am Jur 2d, Appeal and Error § 894.
[5]  5 Am Jur 2d, Appeal and Error § 867.

Appeal from Iron; Brown (Ernest W.), J. Submitted Division 3 January 4, 1966, at Grand Rapids. (Docket No. 816.) Decided May 11, 1966.

William Walker was convicted of receiving stolen property. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Oswald G. Casanova,* Prosecuting Attorney, for the people.

*Leonard J. McManman,* for defendant.

WATTS, P. J. William Walker was convicted in Iron county circuit court of the statutory offense of receiving and aiding in the concealment of 8 guns valued in excess of $100, then and there knowing that the guns were lately before feloniously stolen, taken, and carried away, in violation of CLS 1961, § 750.535 (Stat Ann 1965 Cum Supp § 28.803). The defendant appeals.

Ronald Winkle testified to his own guilt and that of defendant Walker. Winkle testified that he entered Doctor Retallack's home by climbing up a pipe to the top of the garage and by opening a door to the second floor; that on or about September 10, 1964, he took 8 guns from the doctor's home and hid them under the bushes in the vicinity of the White-Way Dairy; that while he was in the doctor's home he had the following telephone conversation with defendant Walker: "I told him I had the guns and * * * he told me to stash the guns and come to Freddie's and that's all." He further testified that Walker, driving Madeline Sacchetti's car, picked up Willard Kniess and himself at Fred Fish's home; that Walker and Sacchetti occupied the front seats of the car, while he and Kniess occupied the

rear seats; that Walker drove the automobile to the place where the guns were hidden; that he and Kniess loaded the guns into the car; and that Walker drove the car back to Fred Fish's house where he and Kniess removed the guns from the car and placed them in the garage. Winkle further testified as follows: "And then she drove away and Walker and I went out to the garage and Walker looked at the guns and he—I can't say that, either, but he looked at the guns and he said he would give me $100 for the whole lot instead of the agreed 50."

Several witnesses testified and corroborated in part the testimony of Ronald Winkle.

Defendant Walker contends that he drove Sacchetti's automobile to an alley in the vicinity of the White-Way Dairy for the purpose of picking up venison and that at no time did he have knowledge that the boxes contained stolen guns.

Defendant requested the court to give the following instructions to the jury:

"1. I charge you that to support a charge of receiving stolen property or aiding in its concealment under the statute involved in this case, it is necessary for the prosecution to show:

"a. That the property in question was stolen;

"b. That the defendant received or aided in the concealment of such property; and

"c. That at that time the defendant knew that the property had been stolen.

"2. In this case Ronald Winkle has testified for the prosecution against the defendant and he admits the stealing of the property which defendant is charged with receiving and aiding in its concealment. I charge you that you cannot convict the defendant upon the testimony of Robert Winkle unless his testimony is corroborated by the testimony of other witnesses offered in behalf of the people. Under the testimony offered in this trial, Robert Winkle is an

accomplice of the defendant in the receiving and concealment of the property involved and unless the testimony is corroborated by other witnesses your verdict should be not guilty.

"3. In this case Ronald Winkle has testified for the prosecution against the defendant and he admits the stealing of the property which defendant is charged with receiving and aiding in its concealment. I charge you that Robert Winkle under testimony offered in this trial is an accomplice of the defendant in the receiving and concealment of said stolen property and his testimony is to be considered with caution by you and unless said testimony is corroborated by other competent testimony, his testimony is to be disregarded and your verdict should be not guilty."

Defendant claims that the trial judge was in error in not giving defendant's requested instructions 2 and 3.

The trial court instructed the members of the jury in part as follows:

"As members of the jury you are the sole judges of the credibility of the testimony of each and every witness who has testified here today. As an aid in determining the credibility of a witness, that is, the weight that you will give to his or her testimony, you have a right to observe and you should have observed how he or she impressed you with their appearance and demeanor upon the witness stand, his or her frankness and fairness or lack of frankness and fairness, the probability or improbability of their testimony, the opportunity or lack of opportunity of the witness knowing about the matters to which he has testified, the interest or bias of any witness, if any interest or bias has been shown, and generally all those things which go to aid you in determining the weight that you will give to the testimony of any witness."

After the jury had retired, the court asked counsel for the defense:

"Now that the jury has retired, counsel, if you have any additions or other instructions I will be glad to entertain them at this time.

"*Mr. McManman:* I think as far as the defense is concerned, the charge has covered it."

Defense counsel cited *People* v. *Zesk* (1944), 309 Mich 129, which is similar to the instant case. The facts in that case (p 132) are as follows:

"The sole witness against defendant was Kozakiewiecz. He pleaded guilty to the crime. He described the minute details in connection with the robbery and murder, and defendant's active participation in it. Notwithstanding any inconsistencies in his previous statements, he was positive in his testimony. Defendant took the witness stand and denied participation in any of the robberies and the murder. He stated that at the time of the perpetration of the crime charged, he was in Detroit where he and his family had been living for some time prior to the day of the robbery. Notwithstanding that he gave a defective notice of an alibi, the court admitted the testimony of 9 witnesses corroborating defendant's testimony that at the time of the murder he was at his home in Detroit and could not have been in Owosso, Michigan. The jury, however, believed the testimony of Kozakiewiecz. Evidently the jury decided that the alibi witnesses were either mistaken as to time or else that they did not tell the truth."

Justice Butzel, writing the opinion of the Court in the *Zesk Case* at p 132, quotes with approval 1 Gillespie, Michigan Criminal Law and Procedure (1st ed) § 379:*

---

* See, 1 Gillespie, Michigan Criminal Law and Procedure (2d ed) § 488.

"The credibility of an accomplice, like that of any other witness, is exclusively a question for the jury, and it is well settled that a jury may convict on such testimony alone, and it is not error for the court to refuse to charge that it is not safe to convict a defendant on the uncorroborated testimony of an accomplice."

The same rule of law is cited in *People* v. *DeLano* (1947), 318 Mich 557, 568, cert den 334 US 818 (68 S Ct 1082, 92 L ed 1748).

CL 1948, § 768.29 (Stat Ann 1954 Rev § 28.1052), reads as follows:

"It shall be the duty of the judge to control all proceedings during the trial, and to limit the introduction of evidence and the argument of counsel to relevant and material matters, with a view to the expeditious and effective ascertainment of the truth regarding the matters involved. The court shall instruct the jury as to the law applicable to the case and in his charge make such comment on the evidence, the testimony and character of any witnesses, as in his opinion the interest of justice may require. The failure of the court to instruct on any point of law shall not be ground for setting aside the verdict of the jury unless such instruction is requested by the accused."

GCR 1963, 516.1 reads as follows:

"At or before the close of the evidence, any party may, or at any time the court reasonably directs, the parties shall, file written requests that the court instruct the jury on the law as set forth in the request. A copy of such requested instructions shall be served on the adverse parties in accordance with Rule 107. The court shall inform counsel of its proposed action on the requests prior to their arguments to the jury, and, subject to the provision of sub-rule 516.3, shall instruct the jury after the arguments are completed. *The court may make such comments on the evidence, the testimony, and the*

*character of the witnesses as in its discretion the interests of justice require."* (Emphasis supplied.)

We have reviewed the record in its entirety and find the court's instructions to the jury, when considered as a whole, fairly and fully presented the law applicable to the issues and were sufficient. There is competent and sufficient testimony to substantiate the jury's verdict of guilty. The record does not indicate abuse of discretion by the trial court.

Affirmed.

FITZGERALD and HOLBROOK, JJ., concurred.