## PEOPLE v. BILLINGS

1. CRIMINAL LAW — ACCOMPLICE — CREDIBILITY — CORROBORATION — JURY.

    The credibility of an accomplice, like that of any other witness, is exclusively a question for the jury who may convict a defendant on the accomplice's testimony alone.

2. CRIMINAL LAW—ACCOMPLICE—TESTIMONY—JURY INSTRUCTION.

    It is not error for a trial court to refuse to charge the jury that it is not safe to convict a defendant on the uncorroborated testimony of an accomplice.

3. CRIMINAL LAW—JURY INSTRUCTIONS—OBJECTION.

    Defendant's failure to object to a jury instruction at his trial precluded him from raising an objection on appeal, particularly since his counsel stated affirmatively that the instruction was adequate (GCR 1963, 516.2).

Appeal from Genesee, Anthony J. Mansour, J. Submitted Division 2 August 18, 1969, at Grand Rapids. (Docket No. 6,055.) Decided October 1, 1969.

Clifford Billings was convicted of breaking and entering with intent to commit larceny. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Robert F. Leonard,*

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 21 Am Jur 2d, Criminal Law § 118.
[3] 5 Am Jur 2d, Appeal and Error § 891.

Prosecuting Attorney, and *Donald A. Kuebler,* Chief Appellate Lawyer, for the people.

*William J. Hayes,* for defendant on appeal.

Before: HOLBROOK, P. J., and FITZGERALD and T. M. BURNS, JJ.

PER CURIAM. Clifford Billings was tried by a jury and convicted on the charge of breaking and entering with intent to commit larceny contrary to CL 1948, § 750.110 as amended by PA 1964, No 133 (Stat Ann 1965 Cum Supp § 28.305). The sole issue raised on appeal is the contention that the trial court erred in failing to instruct the jury to weigh the testimony of defendant's accomplice with caution. The people have filed a motion to affirm the conviction.

The rule in Michigan regarding instructions to the jury on the testimony of an accomplice in a criminal case was clearly stated and followed in the case of *People* v. *Sawicki* (1966), 4 Mich App 467, 474, 475:

"The comparatively recent case of *People* v. *Zesk* (1944), 309 Mich 129, appears to be analogous to the case at hand. Therein the sole witness against defendant was the accomplice Kozakiewicz. The defendant's defense to the charge of murder was an alibi, and he produced 9 witnesses, who claimed he was elsewhere than the scene of the crime at the time of the murder. The jury chose to believe the accomplice and returned with a verdict of guilty. On appeal defendant claimed error in the trial judge's failure to direct the jury to look with suspicion upon the testimony of the accomplice, a self-confessed murderer. In affirming the conviction, the Supreme Court quoted from 1 Gillespie, Michigan Criminal Law & Procedure, § 379, as follows:

'The credibility of an accomplice, like that of any other witness, is exclusively a question for the jury, and it is well settled that a jury may convict on such testimony alone, and it is not error for the court to refuse to charge that it is not safe to convict a defendant, on the uncorroborated testimony of an accomplice.'

Also, see, *People* v. *Wallin* (1885), 55 Mich 497; *People* v. *Dumas* (1910), 161 Mich 45; and *People* v. *McCrea* (1942), 303 Mich 213."

It is against this clear precedent that defendant urges this Court to adopt a contrary rule which exists in other jurisdictions. Moreover, the defendant would also have us ignore the fact that no objection was raised at trial and that defense counsel stated affirmatively his belief that the instruction was adequate. See *People* v. *Fortuna* (1968), 13 Mich App 245; GCR 1963, 516.2.

The motion to affirm the conviction in the trial court is granted.