## PEOPLE *v.* BURBRIDGE

Burglary—Larceny—Breaking and Entering—Evidence—Wit-
nesses—Accomplices—Testimony—Sufficiency.

Testimony of defendant's three accomplices that defendant
assisted them in destroying a business establishment skylight
with a crowbar supplied by defendant and that defendant aided
them in the removal of merchandise through the broken sky-
light constituted sufficient evidence, if believed, to support a
factual finding by the trial judge, as trier of the facts,
that defendant was guilty of breaking and entering with
intent to commit larceny (MCLA § 750.110).

Appeal from Recorder's Court of Detroit, Samuel
H. Olsen, J. Submitted Division 1 March 3, 1970,
at Detroit. (Docket No. 6,364.) Decided March 27,
1970.

Harold Lester Burbridge was convicted of break-
ing and entering with intent to commit felony or
larceny. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Dominick R. Carnovale,* Chief,
Appellate Department, and *Angelo A. Pentolino,*
Assistant Prosecuting Attorney, for the people.

*Leonidas M. Tavoularis,* for defendant on appeal.

Reference for Points in Headnote
32 Am Jur, Larceny § 135 *et seq.*

Before: Lesinski, C. J., and Quinn and V. J. Brennan, JJ.

Per Curiam. After a waiver of trial by jury, defendant Harold Lester Burbridge was convicted of breaking and entering with intent to commit felony or larceny.[1] He appeals alleging that the evidence produced was insufficient to support a finding of guilty beyond a reasonable doubt.

The breaking and entering was accomplished through the destruction with a crowbar of a skylight on the roof of a business establishment. At trial three witnesses, admitting to their own complicity,[2] testified that defendant assisted in the completion of the criminal act. Two of the accomplices, placing the defendant on the roof of the building, stated that the defendant aided in the removal of merchandise through the skylight. The other witness testified that the defendant supplied the crowbar used in the crime. Since the defendant neither took the witness stand nor offered witnesses in his behalf, the only question before the trial judge was one of credibility.[3] We repeat what we said in *People* v. *Doris White* (1965), 2 Mich App 104, 106:

"In cases tried without a jury, the trial judge is the trier of the facts and he may give such weight to the testimony as in his opinion it is entitled. This Court will not reverse the judgment of the trial

---

[1] MCLA § 750.110 (Stat Ann 1969 Cum Supp § 28.305).

[2] The witnesses were all boys aged 14 to 16 years. The defendant is 27 years old. Although the youths were all accomplices, they were competent witnesses. MCLA § 600.2158 (Stat Ann 1962 Rev § 27A.2158), and *People* v. *Ockaski* (1926), 234 Mich 95; *People* v. *Zesk* (1944), 309 Mich 129; *People* v. *Sawicki* (1966), 4 Mich App 467.

[3] Whether the defendant actually entered the building or just assisted the others in the actual crime is unimportant. See MCLA § 767.39 (Stat Ann 1954 Rev § 28.979), (abolishing the distinction between principal and accessory in Michigan).

court unless evidence clearly preponderates in a direction opposite to the finding of fact by the trial court." (Citing authority.)

Reviewing the record, we find sufficient evidence, if believed, to support a finding by the trier of the facts that the accused is guilty of the crime charged beyond a reasonable doubt.

Affirmed.