SAKSEY'S LOUNGE, INC. *v.* LIQUOR CONTROL COMMISSION

1. ADMINISTRATIVE LAW—RULE VIOLATIONS—CRIMINAL LAW.
   An administrative proceeding by the Liquor Control Commission against a licensee for rule violations is not a criminal matter.

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 2 Am Jur 2d, Administrative Law § 320.
[3] 30 Am Jur 2d, Evidence §§ 1140–1142, 1173.
[4] 2 Am Jur 2d, Administrative Law § 553 *et seq.*
   Applicability of stare decisis doctrine to decisions of administrative agencies. 79 ALR2d 1126.

2. ADMINISTRATIVE LAW—RULE VIOLATIONS—CORPUS DELICTI.
   The *corpus delicti* as known in criminal practice is not recognized as such in administrative proceedings against a liquor licensee for violation of liquor commission rules.

3. CRIMINAL LAW—CORPUS DELICTI—EXTRAJUDICIAL ADMISSIONS.
   The rule that the *corpus delicti* of a crime cannot be established solely by the extrajudicial admissions of the defendant does not apply where the extrajudicial admissions are made by a third party who is not being prosecuted.

4. ADMINISTRATIVE LAW—APPEAL AND ERROR—FINDINGS OF FACT.
   A reviewing court cannot substitute its opinion for that of an administrative agency if there is testimony to substantiate the agency's findings.

Appeal from Wayne, Neal Fitzgerald, J. Submitted Division 1 December 10, 1970, at Detroit. (Docket No. 8632.) Decided January 21, 1971.

Complaint by Saksey's Lounge, Inc., against the Liquor Control Commission for superintending control to review an order of the commission suspending plaintiff's license and levying a fine for violation of commission rules. Order affirmed. Plaintiff appeals. Affirmed.

*Franklin & Harris,* for plaintiff.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Richard I. Rubin,* Assistant Attorney General, for defendant.

Before: DANHOF, P. J., and HOLBROOK and VANDER WAL,* JJ.

VANDER WAL, J. This is an appeal from a judgment of the circuit court affirming an order of the

_____
* Circuit judge, sitting on the Court of Appeals by assignment.

Liquor Control Commission suspending a license. The licensee was charged with:

(1) allowing accosting and/or soliciting on his premises.

(2) engaging in an illegal occupation by aiding and abetting accosting and soliciting.

(3) permitting a minor to consume alcoholic liquor.

After holding hearings, the commissioner found that the licensee had committed violations 1 and 3 and he dismissed charge 2. The commissioner suspended the license for 14 days and fined the licensee a total of $300. The licensee appealed and the Liquor Control Commission affirmed the order. The licensee then sought review in the circuit court where the order was again affirmed. The licensee now appeals to this Court.

The sole witness at the commission hearing for these alleged violations was an admitted prostitute, who testified that she had been engaging in her profession on the premises of the plaintiff herein with the aid of a bartender and had been sold liquor when she was under the age of 21.

The licensee presented three witnesses; two of them were the managers of the bar and stockholders in the corporation, and the third was the bartender.

The basis of the appeal is that the commission disregarded the law by basing their finding upon the testimony of the prostitute without any other supporting evidence. Their argument is based upon the case of *People* v. *Barron* (1968), 381 Mich 421, which holds that the *corpus delicti* in a criminal case cannot be established solely by the extrajudicial admissions of the defendant. This case is not in point, however. In the first place, this is not a

criminal matter, and the *corpus delicti* as known in
the criminal practice is not recognized as such in
administrative proceedings.   Secondly, and more
importantly, the distinction between the cited case
and the case before this Court is that the extra-
judicial admissions referred to in the *Barron Case*
were made on the part of the defendant himself,
the party being prosecuted.   In this case the state-
ments objected to were made by a third party who
was not being prosecuted.

In this hearing, the sole question was the credibil-
ity of the witness.   The fact finders apparently
gave credence to her testimony, and that is suffi-
cient to uphold the findings.   In other words, the
record is replete with testimony sustaining the find-
ings made by the hearing commissioner and that of
the Liquor Control Commission.   The trial court
did not, and this Court cannot, substitute its opinion
for the commission's if there is testimony to sub-
stantiate their findings.

The licensee contends that it was denied due proc-
ess of law and cites *Napuche* v. *Liquor Control Com-
mission* (1953), 336 Mich 398.   The requirements set
forth in *Napuche* are:

" '(1) Notice of a time and place of hearing.

" '(2) A hearing before a properly authorized
body.

" '(3) A reasonably definite statement of the
charge or charges preferred against the accused.

" '(4) The right to cross-examine the witnesses
who testify against him.

" '(5) The right to produce witnesses in his own
behalf.

" '(6) A full consideration and a fair determina-
tion according to the evidence of the controversy
by the body before whom the hearing is had.   *Han-*

*son* v. *State Board of Registration in Medicine,* 253 Mich 601, 607.' "    336 Mich 398, 403, 404.

It is clear that these requirements were met.
We find no error.
Affirmed.    Costs to defendant.
All concurred.