## PEOPLE v GREER

1. CRIMINAL LAW—IDENTIFICATION—EAVESDROPPING.

Admitting an in-court identification of the defendant by a witness who at the time of the preliminary examination was permitted to eavesdrop on a telephone conversation between the defendant and another person to determine if he could recognize the defendant's voice as that of one of the perpetrators of a robbery was not reversible error where no objection was made at trial to the identification testimony and the record reveals no basis upon which to find that the eavesdropping so impermissibly tainted the in-court identification that the testimony should have been excluded.

2. CRIMINAL LAW—FAIR TRIAL—IMPARTIALITY.

Defendant's conviction need not be reversed on the ground that the impartiality of the trial court was destroyed when the judge informed the defendant's accomplice, during cross-examination, that he could not be placed on probation for armed robbery where the statement did not deprive the defendant of a fair trial and the record reveals no reason to question the good faith of either the judge or the prosecutor.

3. CRIMINAL LAW—EVIDENCE—CLOTHING.

Trial court's refusal to grant defendant's request that he be allowed to put on the suit of clothes claimed to have been worn by the perpetrator of the armed robbery charged was not reversible error even though it would have been better if the request had been granted.

Appeal from Berrien, Chester J. Byrns, J. Submitted Division 3 November 5, 1971, at Grand Rapids. (Docket No. 11032.) Decided March 28, 1972.

REFERENCES FOR POINTS IN HEADNOTES

[1] 29 Am Jur 2d, Evidence § 380 *et seq.*
[2] 21 Am Jur 2d, Criminal Law § 223.
[3] 29 Am Jur 2d, Evidence § 367.

Elliott Greer was convicted of armed robbery. Defendant appeals. Affirmed on application for delayed appeal granted.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Ronald J. Taylor,* Prosecuting Attorney, and *Hugh W. Black* and *John A. Smietanka,* Assistant Prosecuting Attorneys, for the people.

*James J. Mollison,* for defendant on appeal.

Before: R. B. Burns, P. J., and Levin and T. M. Burns, JJ.

Per Curiam. Defendant was convicted by a jury of armed robbery on May 24, 1961, and was sentenced to serve a term of from 15 to 30 years in prison. This Court granted defendant leave to bring a delayed appeal.

Defendant first contends that an alleged accomplice, who testified against the defendant at trial, was persuaded into doing so by the police after they had coerced him into giving a confessional statement. However, our review of the record does not reveal that such a statement was coerced from the witness, and we therefore find this issue to be without merit.

Defendant next contends that at the time of the preliminary examination a witness who was present at the scene of the crime was permitted to eavesdrop on a telephone conversation between defendant and another for purposes of determining whether he could recognize defendant's voice as that of one of the robbers. At the trial, the witness did identify the defendant as one of the robbers.

No objection was made at trial to the identification testimony. The record reveals no basis upon which

we could find that the opportunity afforded the witness to overhear the telephone conversation so impermissibly tainted the subsequent in-court identification that the testimony should have been excluded. It is, therefore, our opinion that this issue must be resolved against the defendant.

The defendant next contends that the impartiality of the trial court was destroyed when during the cross-examination of the alleged accomplice, the judge informed him that he could not be placed on probation for armed robbery. Conversely, the people contend that the judge made the statement to clear up any misapprehension by the accomplice that he had something to gain by giving false testimony.

We have examined the record and, in the context in which the judge's statement was made, it is our opinion that the statement did not deprive the defendant of a fair trial. Nor does the record reveal any reason to question the good faith of either the trial judge or the prosecutor in this matter.

The next issue concerns the failure of the trial court to instruct the jury that it should look with suspicion on the testimony of the alleged accomplice. No special instruction was requested and, in any event, the defendant is not entitled to a new trial on that ground. See *People* v *Zesk,* 309 Mich 129, 133 (1944).

The defendant finally contends that it was error for the trial court to refuse to allow him to put on the suit of clothes that was claimed to be the clothes the robber wore when the crime was committed. The trial court offered to let the defendant put on the coat, but the defendant declined to do so unless he could put on the entire suit of clothes.

Although it would have been better if the trial court had granted defendant's request, on this record

we cannot conclude that the error, if any, was prejudicial. Therefore, the defendant's final issue provides no basis upon which this Court can order a new trial.

Affirmed.