PEOPLE v OCHKO

Docket No. 78-419. Submitted November 21, 1978, at Detroit.—Decided February 9, 1979.

Daniel B. Ochko was convicted of first-degree felony murder and of conspiracy to commit armed robbery, Macomb Circuit Court, Walter P. Cynar, J. Defendant appeals, alleging that the testimony of the defendant's accomplices and coconspirators should not have been allowed absent previous independent evidence of the corpus delicti of the crimes. *Held:*

The rule which prohibits establishment of the corpus delicti by reliance upon extrajudicial admissions or confessions of a defendant or of an accomplice does not extend to in-court testimony of accomplices to establish any part of the corpus delicti from their own personal knowledge. The accomplice and coconspirator testimony was admissible because it concerned the witnesses' own and the defendant's participation in the offense and did not relate to any out-of-court confessions or admissions of the persons involved.

Affirmed.

1. CRIMINAL LAW — CORPUS DELICTI — EXTRAJUDICIAL ADMISSIONS.
   Extrajudicial admissions or confessions of a defendant or an accomplice, standing alone, may not be used to establish the corpus delicti of a charged crime.

2. CRIMINAL LAW — ACCOMPLICES — TESTIMONY OF ACCOMPLICES.
   A defendant may be convicted solely on the uncorroborated testimony of an accomplice.

3. CRIMINAL LAW — EVIDENCE — TESTIMONY OF ACCOMPLICES —
   CORPUS DELICTI.
   In-court testimony of a defendant's accomplices and coconspira-

REFERENCES FOR POINTS IN HEADNOTES
[1] 29 Am Jur 2d, Evidence § 530.
   30 Am Jur 2d, Evidence §§ 1136-1138, 1142.
   Comment Note: Corroboration of extrajudicial confession or admission. 45 ALR2d 1316.
[2] 30 Am Jur 2d, Evidence § 1151.
[3] 30 Am Jur 2d, Evidence §§ 1151, 1153, 1157.

tors was admissible to show the corpus delicti of the charges against the defendant where that testimony concerned their own and the defendant's participation in the offenses and did not relate to any out-of-court confessions or admissions of the persons involved.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *George N. Parris,* Prosecuting Attorney, *Don L. Milbourn,* Chief Appellate Lawyer, and *Robert John Berlin,* Assistant Prosecuting Attorney, for the people.

*Wesley J. Roberts,* for defendant on appeal.

Before: D. C. RILEY, P.J., and BRONSON and T. GILLESPIE,* JJ.

PER CURIAM. Defendant appeals from his conviction of one count of first-degree felony murder, MCL 750.316; MSA 28.548, and one count of conspiracy to commit armed robbery. MCL 750.157a; MSA 28.354(1) and MCL 750.529; MSA 28.797.

The convictions arose out of a prior agreement by defendant and four others to loot the home of one Richard Blohm. Blohm was killed at the front door by a shotgun blast fired by the defendant, who then fled the scene together with his cohorts.

Proof of the conspiracy and the attempted armed robbery out of which the murder conviction arose was supplied entirely by the in-court testimony of the coconspirators and accomplices. Defendant alleges in his appeal that the testimony of these witnesses should not have been allowed absent previous independent evidence of the corpus delicti of the crimes.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Because of their perceived unreliability,[1] the extrajudicial admissions or confessions of a defendant, standing alone, may not be used to establish the corpus delicti of a charged crime. *People v Kirby,* 223 Mich 440; 194 NW 142 (1923), *People v Ranney,* 153 Mich 293; 116 NW 999 (1908). In *People v Barron,* 381 Mich 421, 424; 163 NW2d 291 (1968), the Michigan Supreme Court expanded this rule to encompass the out-of-court admissions or confessions of accomplices. Defendant maintains, however, that *Barron* further prohibited the in-court testimony of accomplices to establish from their own personal knowledge any part of the corpus delicti.

*Barron* involved the breaking and entering of a dry cleaning establishment. The corpus delicti of the alleged offense required that the breaking and entering occur in the nighttime. Employees of the store were unable to establish that the crime took place at night; however, that element was shown through the testimony of defendant's accomplice. The Court articulated its distension of the corpus delicti rule, *supra,* but in disposing of the case held that:

"The *corpus delicti* was adequately established before the admission of the testimony of the admitted accom-

---

[1] "The *corpus delicti* rule reflects an uneasy feeling based on experience that persons who attribute statements to accused persons are often not trustworthy witnesses and that confessions are sometimes obtained under circumstances which make them unreliable." *People v Allen,* 39 Mich App 483, 504; 197 NW2d 874 (1972) (LEVIN, J. dissenting), *rev'd* 390 Mich 383; 212 NW2d 21 (1973).

*Accord, People v Randall,* 42 Mich App 187, 190; 201 NW2d 292 (1972):

"There are several reasons for requiring that the corpus delicti of a crime be established without resort to a defendant's extrajudicial admissions. Some of these are a judicial distrust of confessions, a desire to avoid convicting a man of a crime that has not been committed, and perhaps a feeling that it is not sporting to convict a man solely out of his mouth."

plice. That testimony was therefore properly admitted. We find no error." *People v Barron, supra,* at 427.

The difficulty in interpreting *Barron* lies in the fact that the rule does not strictly fit the case presented. While the Court announced a principle prohibiting the extrajudicial admissions of an accomplice for corpus delicti purposes, the statements made by the accomplice in that case were made in court.[2] Further, the holding implied by the Court's disposition of the case, that in-court admissions of accomplices are also subject to the corpus delicti rule, is itself dicta and unnecessary to the decision because of the Court's finding that the corpus delicti was already established independent of the contested in-court declarations.[3]

The few cases subsequently addressing *Barron* have yielded divergent interpretations.[4] We view that decision as a straightforward extension of the traditional rule concerning the establishment of the corpus delicti by a defendant's extrajudicial statements, a rule which never purported to exclude statements made by the defendant in court on the witness stand. See *e.g., People v Kirby,*

[2] It is unclear from the decision whether the testimony included extrajudicial confessions or admissions of the defendant or accomplice himself, or whether it only involved the accomplices or defendant's participation in the transaction.

[3] The Supreme Court's determination that the *corpus delicti* had been proven independently made it unnecessary for the Court to ever reach the issue of the accomplice's infra-judicial testimony. The disarrangement of the *Barron* decision apparently originated with the disposition of the issue by the parties in their briefs. Both sides framed the question in terms of an accomplice testifying as to the *corpus delicti.* However, defendant-appellant premised his argument on decisions holding that extrajudicial admissions of a party or accomplice are not admissible to prove the *corpus delicti,* while plaintiff-appellee principally asserted that the *corpus delicti* had been proven independently of the accomplice's testimony.

[4] *People v Scotts,* 80 Mich App 1; 263 NW2d 272 (1977), *People v Love,* 43 Mich App 608; 204 NW2d 714 (1972), *Saksey's Lounge Inc v Liquor Control Comm,* 29 Mich App 656; 185 NW2d 840 (1971).

*supra,* at 446. In doing so we emphasize the long-standing rule in Michigan that a defendant may be convicted solely by the uncorroborated testimony of an accomplice.[5] *People v DeLano,* 318 Mich 557, 567-568; 28 NW2d 909 (1947), *People v Zesk,* 309 Mich 129, 132; 14 NW2d 808 (1944), *People v Hare,* 57 Mich 505; 24 NW 843 (1885), *People v Jenness,* 5 Mich 305, 330 (1858), *People v Potts,* 44 Mich App 722, 731; 205 NW2d 864 (1973), *lv den* 389 Mich 801 (1973), *People v Jackson,* 37 Mich App 570, 576; 195 NW2d 71 (1972), *People v Burbridge,* 23 Mich App 33; 178 NW2d 92 (1970), *People v Billings,* 19 Mich App 348, 350; 172 NW2d 494 (1969), 1 Gillespie, Michigan Criminal Law & Procedure (2d ed), § 488, p 600. Such evidence has been viewed as a question of credibility, not admissibility. Logically, therefore, conviction through the uncorroborated, in-court testimony of an accomplice from his own personal knowledge would necessarily embody the concurrent establishment of the corpus delicti. Further, the rationale underlying the exclusion of extrajudicial declarations of defendants and co-participants as singular proof of the corpus delicti[6] does not support a similar repudiation of in-court testimony of defendants or accomplices originating from the witness stand and subject to cross-examination. We are left, then, with the firm conviction that had *Barron,* (which explicitly delineated its expansion of the corpus delicti rule to extrajudicial confessions and admissions of accomplices) intended to

---

[5] *Barron's* statement that "when properly admitted after the *corpus delicti* has been established, a jury may convict upon the uncorroborated evidence of a professed accomplice", 381 Mich at 424-425, is troubling. Such an assertion appears unsupported both by the Court's lone citation of authority, *People v Jenness,* 5 Mich 305 (1858), and Michigan law prior to the *Barron* decision. *See* cases designated in text.

[6] *See* note 1, supra.

propagate an equally fundamental change in the law by proscribing in-court testimony of an accomplice not comprised of any out-of-court statements made by the parties to the crime, it would not have treated the issue (nor prior Michigan decisions implying otherwise) with such cursory observance. We hold that since substantially all of the testimony of defendant's accomplices and coconspirators in the case at bar related not to any out-of-court confessions or admissions of those involved in the criminal transaction, but rather concerned their own and defendant's participation in the offense, it was properly admissible to show the corpus delicti of the felony-murder and conspiracy charges. We find no error.

A careful review of the record reveals that the other issues raised by the defendant are clearly without merit.

Affirmed.