PEOPLE v SCHINELLA

Docket No. 87685. Submitted January 7, 1987, at Grand Rapids. Decided March 25, 1987.

   Thomas R. Schinella was convicted of operating a vehicle while under the influence of intoxicating liquor, second offense, following a jury trial in district court. Defendant appealed to the Isabella Circuit Court. The circuit court, Paul F. O'Connell, J., issued an order reversing the district court's denial of defendant's motion to dismiss the complaint, reversing defendant's conviction and dismissing the complaint. The people appeal by leave granted. At issue is the determination of whether the circuit court correctly determined that because defendant was not operating his vehicle at the time of his arrest, and because there was no eyewitness testimony as to defendant's driving prior to the police officers' discovery of defendant intoxicated while at the wheel of his stationary car, defendant could not be convicted.

   The Court of Appeals *held:*

   There must be direct or circumstantial evidence that a person arrested while asleep at the wheel of a stationary vehicle was operating the vehicle while under the influence of intoxicants at some time prior to his arrest to sustain an OUIL conviction. A reasonable jury could infer beyond a reasonable doubt that defendant was at least as intoxicated while he was driving as he was when the police officers discovered him.

   Reversed and remanded for reinstatement of conviction.

1. INTOXICATING LIQUORS — AUTOMOBILES — DRUNK OR IMPAIRED DRIVERS — STATIONARY VEHICLES.

   There must be direct or circumstantial evidence that a person who is arrested while asleep at the wheel of a stationary vehicle was operating the vehicle while under the influence of intoxicants at some time prior to his arrest to sustain a

REFERENCES

Am Jur 2d, Automobiles and Highway Traffic §§ 296 *et seq.*

Am Jur 2d, Evidence §§ 1124 *et seq.*

What constitutes driving, operating, or being in control of motor vehicle for purposes of driving while intoxicated statutes. 93 ALR3d 7.

conviction for operating a vehicle while under the influence of intoxicating liquor (MCL 257.625; MSA 9.2325).

2. CRIMINAL LAW — EVIDENCE — MOTIONS AND ORDERS — DISMISSAL
   . OF ACTIONS.

   A court, in considering a motion to dismiss which challenges the sufficiency of the evidence, must look at all the evidence, including that introduced by the defendant; the defendant's in-court admissions are properly utilized in evaluating the sufficiency of the evidence.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Joseph T. Barberi,* Prosecuting Attorney, and *Larry J. Burdick,* Senior Assistant Prosecuting Attorney, for the people.

*Robert K. Kennett,* for defendant.

Before: MACKENZIE, P.J., and WEAVER and J. E. ROBERTS,* JJ.

PER CURIAM. The people appeal by leave granted from an order of the circuit court reversing defendant's district court jury conviction of operating a vehicle while under the influence of intoxicating liquor, second offense, MCL 257.625; MSA 9.2325, and dismissing the prosecution for want of proof. We reverse and remand for reinstatement of defendant's conviction.

At approximately 5:30 A.M. on June 2, 1984, police officers responding to a radio run of a motor vehicle accident discovered defendant's vehicle off the road and straddling a ditch. Defendant was behind the wheel, awake but glassy-eyed. The responding officers' initial impression was that defendant was either sleepy or intoxicated.

While the engine of defendant's vehicle was not running at the time the assisting officers arrived,

---

* Recorder's Court judge, sitting on the Court of Appeals by assignment.

there were indications at the scene that defendant had attempted to dislodge his vehicle from the ditch. Freshly broken tree branches were stuck under the wheels in an apparent attempt to provide extra traction. Although it was cool outside, the hood of the vehicle was still warm. The front tires were cold but the back tires were warm, suggesting that they had been spun in an effort to extricate the vehicle.

Initial questioning of defendant indicated that defendant was intoxicated. His eyes were bloodshot and there was a strong smell of alcohol on his breath. Field sobriety tests were administered. Defendant was able to recite the alphabet and count backwards but failed two physical dexterity tests.

Defendant testified that he had had approximately five beers between 9:00 P.M. and midnight, and claimed that he was unfamiliar with the road. Defendant stated that at approximately 1:00 A.M. he missed a turn and attempted to turn around to negotiate the correct route when one of his wheels slipped off the pavement and into the ditch. Unsuccessful in his attempts to extricate his car, and not interested in walking two miles to his home, defendant testified that he simply went to sleep in the car. He denied being intoxicated.

Prior to his trial, defendant had unsuccessfully moved in district court to dismiss the complaint, claiming that under the holding of *People v Pomeroy (On Rehearing)*, 419 Mich 441; 355 NW2d 98 (1984), he was not "operating" his vehicle at the time of his arrest. Following his jury trial and conviction, defendant appealed to the circuit court, arguing that the trial court improperly denied the motion to dismiss. The circuit court agreed and reversed. The court found that because, under *Pomeroy*, defendant was not "operating" the vehi-

cle at the time of his arrest, and because there was no eyewitness as to defendant's driving prior to the discovery of the automobile by the officers, defendant could not be convicted of OUIL. The sole issue on appeal is whether this decision was erroneous. We conclude that it was.

The holding of *People v Pomeroy, supra,* is narrow: Where there is no evidence of prior impaired driving, a defendant arrested while asleep at the wheel of a stationary car cannot be found guilty of driving while impaired (or by extension, OUIL) because he is not presently operating the vehicle at the time of his arrest. See 419 Mich 447. Stated otherwise, to sustain an OUIL conviction, there must be direct or circumstantial evidence that a person arrested while asleep at the wheel of a stationary vehicle was operating the vehicle while under the influence of intoxicants at some time prior to his arrest.

In the instant case, as the circuit court found, defendant clearly was not operating his vehicle at the time of his arrest. Thus, the question to be decided is whether there was sufficient direct or circumstantial evidence that defendant *had* operated his vehicle while under the influence at some point *before* he was arrested.

In considering a motion to dismiss which, as here, challenges the sufficiency of the evidence, the court must look at all the evidence, including that introduced by defendant. *People v Kirby,* 223 Mich 440, 446; 194 NW 142 (1923). Defendant's in-court admissions are properly utilized in evaluating the sufficiency of the evidence. *People v Ochko,* 88 Mich App 737, 740-741; 279 NW2d 294 (1979).

By his own admission, defendant had consumed five beers before he began his trip home. He further claimed that he had nothing to drink while in the vehicle. When the officers found him

he was intoxicated. There was strong circumstantial evidence that his driving, or attempt to drive, had ended a few minutes earlier. A reasonable jury could infer beyond a reasonable doubt that defendant was at least as intoxicated while he was driving as he was when the officers discovered him. Nothing in *Pomeroy* bars a conviction on this quantum of evidence.

Reversed and remanded for reinstatement of conviction.