PEOPLE v SMITH

Docket No. 91636. Submitted June 9, 1987, at Lansing. Decided
December 8, 1987. Leave to appeal applied for.

Ronnie T. Smith was convicted of operating a motor vehicle while
under the influence of intoxicating liquor following a jury trial
in district court. On appeal to the Oakland Circuit Court, the
conviction was reversed. The circuit court, Francis X. O'Brien,
J., concluded that there was insufficient proof that defendant,
who was found by a state trooper slumped over the steering
wheel of an automobile parked on the shoulder of a freeway
with its engine running, had operated the vehicle while intoxi-
cated. The people appealed by leave granted.

The Court of Appeals *held*:

There must be direct or circumstantial evidence that a
person arrested while asleep at the wheel of a stationary
vehicle was operating the vehicle while under the influence of
intoxicants at some time prior to his arrest to sustain an OUIL
conviction. In this case, there was sufficient circumstantial
evidence to sustain defendant's conviction.

Reversed and remanded for reinstatement of conviction.

1. INTOXICATING LIQUORS — AUTOMOBILES — DRUNK OR IMPAIRED
   DRIVERS — STATIONARY VEHICLES.

   There must be direct or circumstantial evidence that a person
   who is arrested while asleep at the wheel of a stationary
   vehicle was operating the vehicle while under the influence of
   intoxicants at some time prior to his arrest to sustain a
   conviction for operating a vehicle while under the influence of
   intoxicating liquor (MCL 257.625[1]; MSA 9.2325[1]).

2. CRIMINAL LAW — EVIDENCE — SUFFICIENCY OF EVIDENCE.

   In determining whether a conviction was based on sufficient
   evidence, a reviewing court must examine the evidence pre-
   sented by the prosecution and determine whether a rational

REFERENCES

Am Jur 2d, Automobiles and Highway Traffic § 300.

What constitutes driving, operating, or being in control of motor
vehicle for purposes of driving while intoxicated statutes. 93
ALR3d 7.

trier of fact could find that the essential elements of the offense were proven beyond a reasonable doubt.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, *Robert C. Williams,* Chief, Appellate Division, and *Graham K. Crabtree,* Assistant Prosecuting Attorney, for plaintiff.

*Kenneth S. Knoppow,* for defendant.

Before: GRIBBS, P.J., and D. E. HOLBROOK, JR., and W. MOORE, JR.,* JJ.

D. E. HOLBROOK, JR., J. Following a jury trial in district court, defendant was convicted of operating a motor vehicle while under the influence of intoxicating liquor (OUIL), MCL 257.625(1); MSA 9.2325(1). Defendant appealed to the circuit court, which reversed his conviction. The people now appeal by leave granted.

At approximately 7:30 P.M. on April 1, 1984, a Michigan State Police trooper observed defendant's car parked on the shoulder of northbound I-75 in Madison Heights approximately ¼ mile away from the next exit. Defendant was found unconscious, slumped over behind the wheel. The car was in park but the engine was running. When the officer opened the car door he smelled a strong odor of liquor. The officer shook defendant for approximately two minutes before defendant awakened. Defendant's eyes were bloodshot and watery, his speech was slurred and he appeared dazed. Defendant was unable to walk on his own, say the alphabet or count backwards. Breathalyzer tests subsequently administered to defendant at

---

* Recorder's Court judge, sitting on the Court of Appeals by assignment.

9:04 and 9:22 P.M. indicated that defendant had a blood-alcohol content of 0.25 percent.

At the close of the prosecutor's case, defendant made a motion for directed verdict which was denied. On appeal to the circuit court defendant argued that under *People v Pomeroy (On Rehearing)*, 419 Mich 441; 355 NW2d 98 (1984), there was insufficient evidence presented that he was operating the vehicle at the time of his arrest. The circuit court agreed and reversed defendant's conviction, concluding that there was insufficient proof that defendant operated the vehicle in an intoxicated condition. On appeal the prosecutor claims that the circuit court's decision was erroneous. We agree.

In *People v Schinella,* 160 Mich App 213; 407 NW2d 621 (1987), a panel of this Court confronted a similar factual situation. In *Schinella* the defendant's vehicle was found off the road, straddling a ditch. Defendant was behind the wheel, awake but glassy-eyed. While the engine was not running, there were indications at the scene that defendant had attempted to dislodge his vehicle just moments before. There was a strong smell of alcohol on defendant's breath. While defendant was able to recite the alphabet and count backwards, he failed two physical dexterity tests.

With respect to the application of *Pomeroy,* the panel stated:

> The holding of *People v Pomeroy, supra,* is narrow: where there is no evidence of prior impaired driving, a defendant arrested while asleep at the wheel of a stationary car cannot be found guilty of driving while impaired (or by extension, OUIL) because he is not presently "operating" the vehicle at the time of his arrest. See 419 Mich 447. Stated otherwise, to sustain an OUIL conviction, there must be direct or circumstantial evidence

that a person arrested while asleep at the wheel was operating a vehicle while under the influence of intoxicants at some time prior to his arrest.

In the instant case, as the circuit court found, defendant clearly was not "operating" his vehicle at the time of his arrest. Thus, the question to be decided is whether there was sufficient direct or circumstantial evidence that defendant *had* operated his vehicle while under the influence at some point *before* he was arrested. [*Schinella, supra,* 216. Emphasis in original.]

When a challenge is made to the sufficiency of the evidence, the reviewing court must examine the evidence presented by the prosecution and determine whether a rational trier of fact could find that the essential elements of the offense were proven beyond a reasonable doubt. *People v Hampton,* 407 Mich 354, 368; 285 NW2d 284 (1979), reh den 407 Mich 1164 (1980), cert den 449 US 885 (1980).

Here there was sufficient circumstantial evidence to sustain defendant's conviction. Defendant was parked on the shoulder of I-75. There was a 45-degree embankment next to the shoulder of the road. The nearest exit was one-quarter mile away. Defendant was alone and seated on the driver's side of the car. Unlike the facts involving defendant Fulcher in *Pomeroy,* there were no bottles or cans found in the car that would support the theory that defendant became drunk while parked. Unlike Fulcher, where the defendant was parked in front of a bar, it was unlikely in the instant case that defendant could have gotten to the shoulder of I-75 unless he had driven while intoxicated. Hence there was evidence from which a rational trier of fact could find that defendant had operated a vehicle under the influence of intoxicating liquor just prior to his arrest.

Reversed and remanded for reinstatement of conviction.