# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

    Plaintiff-Appellee,

v

LYNN CAROL MATTISON,

    Defendant-Appellant.

UNPUBLISHED
July 28, 2015

No.   322139
Oakland Circuit Court
LC No.   2013-248112-FH

Before:  HOEKSTRA, P.J., and JANSEN and METER, JJ.

PER CURIAM.

Defendant appeals as of right from her conviction following a jury trial of operating while intoxicated (OWI), third offense, MCL 257.625(1) & (9)(c).  Defendant was sentenced to one year of probation and 33 days in jail, with credit for 33 days of jail time.  We affirm.

Randy Haggerty was driving northbound on I-75 on the evening of November 19, 2012, when he "saw in the road particles that were on fire."  He then came upon a vehicle stopped on the side of the road that was, in his words, "engulfed in flames."  Haggerty placed a 911 call. Troy Fire Department Captain Daniel Veto Carcone, who was dispatched to the scene, identified defendant as the woman he saw "walking around the scene."  Troy Police Department Officer Gail Jasak testified that upon arriving at the scene, she asked defendant what had happened, and defendant told Jasak that the car had suddenly caught fire.  Jasak explained that defendant said that she was coming from a Detroit nightclub just before the incident and that she had consumed two lemon-drop martinis.  According to Jasak, defendant's eyes were glassy, she had slurred speech, and she poorly performed field sobriety tests.  Defendant initially failed to cooperate with respect to administering a blood-alcohol test.  When defendant relented approximately four hours later, her blood-alcohol content was .16.

Defendant first argues that the prosecution failed to present legally sufficient evidence to support her conviction.  Specifically, defendant argues that the prosecution failed to present any evidence that she operated the vehicle and was intoxicated while doing so.  This Court reviews a sufficiency-of-the evidence claim de novo.  *People v Ericksen*, 288 Mich App 192, 195; 793 NW2d 120 (2010).  "The standard of review is deferential:  a reviewing court is required to draw all reasonable inferences and make credibility choices in support of the jury verdict," and "[t]he scope of review is the same whether the evidence is direct or circumstantial."  *People v Nowack*, 462 Mich 392, 400; 614 NW2d 78 (2000).  Viewing the evidence in the light most favorable to

the prosecution, we must decide whether a rational trier of fact could have found the elements of the crime proven beyond a reasonable doubt. *Id*. at 399-400.

Defendant was charged under MCL 257.625, which states, in relevant part:

(1) A person, whether licensed or not, shall not operate a vehicle upon a highway or other place open to the general public or generally accessible to motor vehicles, including an area designated for the parking of vehicles, within this state if the person is operating while intoxicated. As used in this section, "operating while intoxicated" means any of the following:

(a) The person is under the influence of alcoholic liquor, a controlled substance, or other intoxicating substance or a combination of alcoholic liquor, a controlled substance, or other intoxicating substance.

The Motor Vehicle Code defines "operate," in part, as "[b]eing in actual physical control of a vehicle." MCL 257.35a(a). This Court has stated that

OWI requires proof of three elements: (1) the defendant operated a motor vehicle (2) on a highway or other place open to the general public or generally accessible to motor vehicles (3) while under the influence of liquor or a controlled substance, or a combination of the two, *or* with a blood alcohol content of 0.08 grams or more per 100 milliliters of blood. [*People v Hyde*, 285 Mich App 428, 448; 775 NW2d 833 (2009).]

Defendant argues that there was insufficient evidence to prove that she operated the vehicle that caught fire. At the time of observation and arrest, defendant was not operating the vehicle. "Thus, the question to be decided is whether there was sufficient direct or circumstantial evidence that defendant *had* operated [the] vehicle while under the influence at some point *before* [s]he was arrested." *People v Schinella*, 160 Mich App 213, 216; 407 NW2d 621 (1987).

Haggerty, after refreshing his recollection with a recording of his 911 call, explained that a woman he could not identify had approached his car. Carcone, who arrived only seven minutes after he was dispatched and before a "young gentlemen" arrived to ostensibly give defendant a ride, testified that defendant was "walking around the scene" near the ambulance and the burning vehicle. Defendant suggests that the actual driver of the vehicle could have fled the scene or been hiding, avoiding detection in the dark, foggy night. This assertion is pure speculation. There was no evidence supporting a finding that another person had been on the scene. Moreover, the prosecution's burden is not to disprove every theory consistent with a defendant's innocence. *People v Solmonson*, 261 Mich App 657, 662-663; 683 NW2d 761 (2004). The evidence presented, and the reasonable conclusions drawn therefrom, support a finding that defendant drove the vehicle to the scene.

Defendant also argues that there was insufficient evidence to prove that she was intoxicated while she allegedly operated the vehicle.

A defendant commits OWI by driving when the defendant's ability to drive was so weakened or reduced by consumption of intoxicating liquor that defendant drove with less ability than would an ordinary, careful and prudent driver. Such weakening or reduction of ability to drive must be visible to an ordinary, observant person. [*Oxendine v Sectary of State*, 237 Mich App 346, 354; 602 NW2d 847 (1999) (internal quotation marks and citation omitted).]

Jasak testified that defendant admitted to coming from a bar and consuming alcohol. See *Schinella*, 160 Mich App at 216-217 (upholding the defendant's OWI conviction and stating that "by his own admission, defendant had consumed five beers before he began his trip home"). Further, while defendant was able to perform some of the more rudimentary field sobriety tests,[1] Jasak's testimony reveals that, on balance, defendant's performance was poor. Also, Jasak testified that defendant's eyes were "glassy" and her speech was "slurred," see *Hyde*, 285 Mich App at 428 (mentioning failed sobriety tests and slurred speech as evidence of intoxication), she was "spitting up," and she had urinated on herself. Finally, when defendant eventually complied with the blood-alcohol test (approximately four hours after the incident), her blood-alcohol content was .16. See *People v Campbell*, 236 Mich App 490, 496; 601 NW2d 114 (1999) (discussing the admissibility of blood-alcohol tests). There was sufficient evidence to establish defendant's intoxication at the time of the incident.

In sum, the prosecution presented sufficient circumstantial evidence to prove that defendant drove the vehicle on the highway and parked it on the shoulder after it caught fire, and that defendant had been intoxicated while operating the vehicle.

Defendant also claims that she was deprived of the constitutional right to present a complete defense because the trial court erred in ruling that the proposed testimony of a defense witness would open the door for the prosecution to impeach that witness with statements that were previously ruled inadmissible due to a violation of *Miranda v Arizona*, 384 US 436; 86 S Ct 1602; 16 L Ed 2d 694 (1966). Aside from merely reciting general authority pertaining to the right to present a defense, defendant offers no supporting argument or authority regarding how the trial court erred in concluding that the otherwise inadmissible testimony would be admissible for impeachment; thus, defendant has abandoned the issue on appeal. *People v Watson*, 245 Mich App 572, 587; 629 NW2d 411 (2001).[2] An appellant may not leave it to this Court to rationalize and support the basis for her claims. *Id*.

Affirmed.

/s/ Joel P. Hoekstra
/s/ Kathleen Jansen
/s/ Patrick M. Meter

---

[1] For example, she could count and knew the English alphabet.

[2] Defendant recites the trial court's ruling and states, "[t]his was error," citing to the transcript only.