PEOPLE v WARD

Docket No. 77-3405. Submitted June 23, 1978, at Detroit.—Decided September 5, 1978.

Bruce E. Ward was convicted of delivery of phencyclidine in Macomb Circuit Court, Howard R. Carroll, J. Defendant appeals, alleging that delay in bringing him to trial deprived him of his alibi defense, that allowing the indorsement of a prosecution witness on the day of trial deprived him of a fair trial, and that the trial court erred in its failure to give a requested instruction to the jury. *Held:*

1. No presumption of prejudice arose from the delay between the commission of the crime and the trial where the initial three-month delay in issuing an arrest warrant was justified because the defendant's whereabouts were unknown and because a five-month delay between arrest and trial in a controlled substances case does not give rise to a presumption of prejudice. Absent such a presumption, the defendant has failed to establish prejudice.

2. Allowance of the late indorsement of a res gestae witness was not an abuse of discretion, and the defense's failure to request a continuance or an interview with the witness negates the defendant's claim of prejudice.

3. Although the trial court's inadvertent omission of a requested instruction regarding the defendant's failure to testify in his own behalf was error, the error was rendered harmless when the court offered to give the instruction after the jury had begun its deliberations and defense counsel waived the giving of the instruction.

Affirmed.

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law §§ 241–243, 251–254.

Accused's right to speedy trial under Federal Constitution—Supreme Court cases. 21 L Ed 2d 905.

Waiver or loss of accused's right to speedy trial. 57 ALR2d 302.

[2, 3] 21 Am Jur 2d, Criminal Law § 251.

[4, 5] 41 Am Jur 2d, Indictments and Informations §§ 56, 60.

[6] 75 Am Jur 2d, Trial §§ 578, 587, 600, 601.

1. Criminal Law—Constitutional Law—Due Process—Speedy Trial—Factors Considered.

Factors considered in determining whether a defendant has been denied due process of law where the defendant claims that he was deprived of a speedy trial are (1) the length of delay; (2) the reason for the delay; (3) the defendant's assertion of his right to a speedy trial; and (4) prejudice to the defendant.

2. Criminal Law—Constitutional Law—Speedy Trial—Presumption of Prejudice.

The question of whether a delay in bringing a defendant to trial is presumptively prejudicial is dependant upon the circumstances of each case; a delay of nine months between the commission of a crime and a defendant's trial is not presumptively prejudicial where the initial three-month delay before issuance of an arrest warrant was justified by the fact that the defendant's whereabouts were unknown to the police; a delay of approximately five months between arrest and trial is not presumptively prejudicial in a case involving the delivery of a controlled substance.

3. Criminal Law—Constitutional Law—Speedy Trial—Prejudice.

A defendant's inability to establish prejudice to his defense because of a delay of eight to nine months between the commission of the crime and his trial is fatal to his claim of denial of the right to a speedy trial in the absence of facts establishing a presumption of prejudice.

4. Witnesses—Criminal Law—Res Gestae Witnesses—Indorsement—Discretion.

A motion to indorse a res gestae witness on the day of trial is addressed to the sound discretion of the trial court, which discretion should be exercised with due regard for the defendant's right to a fair trial; ordinarily, late indorsement should be permitted and a continuance granted to avoid potential prejudice.

5. Witnesses—Criminal Law—Res Gestae Witnesses—Indorsement.

Indorsement of a res gestae witness on the day of trial was not an abuse of a trial court's discretion where no prejudice to defendant has been shown and where defense counsel failed to request either a continuance or an interview with the witness.

6. Criminal Law—Instructions to Jury—Defendant's Failure to Testify—Harmless Error—Waiver.

A trial court's inadvertent omission of a jury instruction regard-

ing a defendant's failure to testify in his own behalf, after the court had agreed to honor defense counsel's request for such an instruction, was harmless error where defense counsel initially expressed satisfaction with the instructions as given but subsequently informed the court of its omission and, when the court offered to give the instruction after the jury had begun deliberations, defense counsel waived the giving of the instruction.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *George N. Parris,* Prosecuting Attorney, *Don L. Milbourn,* Chief Appellate Lawyer, and *Antonio Cavaliere,* Assistant Prosecuting Attorney, for the people.

*John L. Belanger,* for defendant on appeal.

Before: R. M. MAHER, P. J., and J. H. GILLIS and McGREGOR,* JJ.

McGREGOR, J. The defendant was convicted at a jury trial of delivery of phencyclidine, a controlled substance, in violation of the Controlled Substances Act. MCL 335.341(1)(b); MSA 18.1070(41)(1)(b). The delivery which formed the basis of the instant prosecution was alleged to have occurred in the City of Warren on October 7, 1976.

At the preliminary examination, Officer Gary Stanek testified that he had purchased the controlled substance from defendant while acting as an undercover agent in an ongoing investigation. He further testified that he attempted to make further contact with the defendant after the transaction but received information that he had left the state. For this reason, the investigation was

---

* Former Court of Appeals Judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23, as amended in 1968.

continued and an arrest warrant was not sought until late December, 1976.

Defendant was subsequently found and served with the warrant at the State Prison of Southern Michigan on January 19, 1977. He had been returned to prison for a probation violation some time after his initial contact with Officer Stanek.

The defendant was bound over for trial after a preliminary examination on February 22, 1977. The case was scheduled on the trial docket for April 13, 1977, but did not reach trial until June 21, 1977. The record indicates that the adjournments and delays were occasioned by the prosecution's inability to produce various witnesses.

The central issue at trial was identification of the defendant. The prosecution theorized that the defendant sold 1,000 tablets of phencyclidine to an undercover narcotics officer on the evening in question. The defendant's theory of the case was that the police officer involved in the purchase had mistaken the defendant for another person.

Officer Stanek testified at trial that he had received information on the evening in question that the drug phencyclidine was available at 3807 Oak Street in the City of Warren. Pursuant to that information, Stanek went to that address where he was admitted to a mobile home by a woman named Debbie. Two white males were introduced to him as Bruce and Tiny. The man named Bruce asked $375 for 1,000 tablets of the drug phencyclidine. Stanek identified the defendant as having wavy, collar-length hair and a full black beard and mustache.

Stanek's partner, Officer Walter Bogus, was on surveillance stake-out outside the home at the time of the buy and testified that Stanek entered the trailer at about 6 p.m. and left shortly after

6:30 p.m. followed by the defendant and another man.

The defendant's theory was that of alibi. Pursuant to proper notice, he called his wife, mother-in-law and mother to the stand. Defendant's wife testified that on the night of October 7, 1976, between 5:30 and 6 p.m., she, defendant and defendant's mother ate dinner in a Red Lobster Restaurant located on Eight Mile Road near the City of Warren. Marie Ward, defendant's mother, testified that she drove the defendant and his wife to the Red Lobster Restaurant for dinner on the night in question. Shirley Thomas, defendant's mother-in-law, testified that she had cut defendant's hair and that he was clean shaven on October 1, 1976. The defendant did not take the stand.

Defendant's first claim on appeal is that the four-month delays which occurred between the date of the crime and his preliminary examination and between that examination and his trial served to deprive him of his alibi defense. The delay in scheduling a preliminary examination was duly raised by defendant in a motion to quash and argued unsuccessfully before trial.

In considering speedy trial claims, the courts balance several factors on a case-by-case basis. *People v Chism,* 390 Mich 104, 111; 211 NW2d 193 (1973). The due process factors identified by the Michigan Supreme Court in deciding a defendant's speedy trial claims are (1) the length of delay; (2) the reason for the delay; (3) the defendant's assertion of his right; and (4) prejudice to the defendant. This general rule was established by the United States Supreme Court in *Barker v Wingo,* 407 US 514; 92 S Ct 2182; 33 L Ed 2d 101 (1972), and is recognized by the Supreme Court of this state as the definitive test. See *People v Grimmett,*

388 Mich 590; 202 NW2d 278 (1972), *People v Collins,* 388 Mich 680; 202 NW2d 769 (1972).

Delay is therefore not the sole test for violation of a speedy trial right. While the length of the delay is to some extent a "triggering mechanism" giving rise to the claim of violation of the right to speedy trial, there is no necessity for inquiring into the other factors unless a presumptively prejudicial delay has occurred. *Barker, supra,* at 530. Time delays which would provoke inquiry are necessarily dependent on the particular circumstances of the case. *Collins, supra,* at 689.

We do not find the nine-month delay between the commission of the charged offense and trial presumptively prejudicial on the facts of this case. First, the initial three-month delay between the occurrence of the crime and the issuance of an arrest warrant was justified by the fact that defendant's whereabouts were unknown to the police and a continuing investigation was required. Next, we conclude that a delay of approximately five months between arrest and trial is not presumptively prejudicial in a case involving the delivery of a controlled substance.

In any event, in balancing the four factors established in the cases cited above, we would find that the defendant was not denied his right to a speedy trial in this case. Although the delays which occurred were caused by the prosecutor and a period of eight to nine months elapsed between commission of the crime and defendant's trial, the defendant has demonstrated no prejudice as a result of that delay and does not contend that he asserted his right to a speedy trial before trial. Defendant's inability to establish prejudice to his defense of alibi as a result of the delay is fatal to this claim.

Defendant's second contention is that the trial

court committed reversible error in allowing the endorsement of Officer Bogus on the day of trial since this late endorsement deprived him of a fair trial and precluded investigation by defense counsel as to this officer's involvment in the incident. No mention was made of this officer at the preliminary examination and his name did not appear on any of the police reports. Since the issue of identification was central to this case and pitted the credibility of Officer Stanek against that of defendant's alibi witnesses, the testimony of Officer Bogus was critical to the prosecutor's case. This issue therefore has demanded careful consideration by the Court.

A motion to endorse a res gestae witness on the day of trial is addressed to the sound discretion of the trial court and that discretion should be exercised with due regard for the defendant's right to a fair trial. Late endorsement should ordinarily be permitted and a continuance granted to obviate potential prejudice which might result. *People v Harrison,* 44 Mich App 578; 205 NW2d 900 (1973).

Defense counsel's failure to request a continuance or an interview with the witness, however, tends to negate the argument that tardy endorsement was prejudical to the defense. *People v Yacks,* 49 Mich App 444; 212 NW2d 249 (1973). Thus, while the importance of witness credibility renders this a close question, we conclude under all the circumstances of the case that the trial judge did not abuse his discretion in permitting tardy endorsement of this witness.

Defendant's third claim of error on appeal is that the trial court committed reversible error in failing, despite defense counsel's request, to instruct the jury that the defendant had a constitutional right not to testify in his own behalf and

that his exercise of that right could not be used against him. Under the circumstances of this case, we find the trial judge's omission to be harmless error.

Before closing arguments, defense counsel asked the trial judge to instruct the jury concerning the defendant's failure to testify. The judge indicated that he would give the instruction but failed to do so. Defense counsel initially expressed satisfaction with the instructions but subsequently informed the court of its failure to give the requested charge. When the trial judge offered to give the instruction after the jury had begun its deliberations, defense counsel decided that this would do the defendant more harm than good and waived the giving of the instruction.

In *People v Pruitt,* 29 Mich App 230; 185 NW2d 57 (1970), this Court held that where a defendant requests the giving of an instruction that defendant has a right to elect not to testify in his own behalf, there is no discretion in the trial court and its refusal to give that instruction is error. "The choice as to whether such an instruction is to be given to the jury is the defendant's and not the trial court's." 29 Mich App at 233. See also *People v Moore,* 39 Mich App 329; 197 NW2d 533 (1972).

Since the trial judge initially agreed to give the requested instruction below and also offered to do so after defense counsel noted its omission, the decision in *Pruitt, supra,* is distinguishable. The trial judge's failure to give the charge was inadvertent and he sought to correct his mistake by offering to give the instruction when defense counsel renewed his request. By declining this offer, defendant must be held to have waived the giving of this instruction.

Finally, since the record does not indicate the

length of time for which the jury had been out
when the trial judge offered to give the additional
instruction, we reject defendant's contention that
his acceptance of the trial court's offer would have
prejudiced him.

Affirmed.