## PEOPLE v DUKES

Docket No. 57691. Submitted June 8, 1982, at Grand Rapids.—Decided August 30, 1982.

Robert Dukes was convicted of first-degree murder, Muskegon Circuit Court, R. Max Daniels, J. Defendant appeals, alleging that the trial court erred in believing the testimony of an accomplice rather than that of the defendant, that the case against him was entirely circumstantial, and that there was insufficient evidence of malice to support the conviction. *Held:*

1. The accomplice's testimony was not uncorroborated. The evidence was overwhelming against the defendant, compelling the conclusion that the defendant participated in the assault upon the victim, which caused his death.

2. The evidence is sufficient to permit the inference of the requisite malice to support the conviction.

Affirmed.

1. Criminal Law — Evidence — Accomplice Testimony.

A criminal conviction may be sustained on the basis of accomplice testimony alone.

2. Homicide — Murder — Intent — Malice.

It must be shown that a defendant acted with intent to kill or to inflict great bodily harm or with a wanton and willful disregard of the likelihood that the natural tendency of his behavior is to cause death or great bodily harm in order to convict him of first-degree felony murder.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Gerald D. Warner,* Prosecuting Attorney, and *Judith K. Simonson,* Senior Assistant Prosecuting Attorney, for the people.

References for Points in Headnotes

[1] 30 Am Jur 2d, Evidence § 1151.

[2] 40 Am Jur 2d, Homicide §§ 45, 50-52.

Modern status of rules requiring malice "aforethought," "deliberation," or "premeditation" as elements of murder in the first degree. 18 ALR4th 961.

*Robert S. Engel,* for defendant on appeal.

Before: D. F. WALSH, P.J., AND ALLEN and T. GILLESPIE,* JJ.

PER CURIAM. Defendant and Donald Wright, a codefendant, were charged with the first-degree murder of George Madison, an 87-year-old man, who on September 18, 1980, was found dead tied to a pole in the basement of his home in Muskegon. Following a two-day bench trial, defendant was found guilty as charged. Sentenced on April 14, 1981, to life imprisonment, defendant appeals as of right. The codefendant, Donald Wright, was tried separately by jury and is not a party to this appeal.

The principal witness against defendant was Ronald Green. He pled guilty to aiding and abetting an unarmed robbery and received a sentence of one year in jail and probation, for which he agreed to testify against defendant. Green testified that on the night of September 18, 1980, he, Wright and defendant had been riding around in a car and drinking considerably. According to Green, defendant stated he knew an old man who would be easy to rob and that all that would be necessary to effectuate the robbery would be to hit the old boy over the head, knocking him unconscious when he came to the door. Green stated he drove defendant and Wright to the Madison residence and waited in the alley. Some 15 minutes later defendant appeared driving Madison's car and instructed Green to continue waiting. Defendant reappeared 25 minutes later and jumped into Green's car. Green stated he himself panicked, blacked out, and hit a tree. On cross-examination Green conceded he had given five different state-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

ments to the police regarding the incident that evening.

Defendant testified in his own behalf. He acknowledged that he, Wright, and Green had been together the night in question and had been drinking heavily. He stated that it was Green who suggested robbing Madison, that he (defendant) and Wright found the front door unlocked and the house apparently empty, that while Wright searched the downstairs, he searched the upstairs, that while upstairs he heard no noise, and that he found Madison's car keys on the kitchen table, loaded the car with Madison's belongings, and drove away. On cross-examination he denied he ever saw blood in the downstairs area and testified that while upstairs he heard nothing more than noises like someone "rambling" through a bag.

The trial judge found that the killing occurred during an unarmed robbery and concluded that the circumstances surrounding the death evidenced the malice necessary to sustain a first-degree felony murder conviction. On appeal defendant contends that the case against him was entirely circumstantial, that incredibly the trial court chose to believe the accomplice who had given five conflicting versions of the incident, and that under the guidelines enunciated by the Supreme Court in *People v Aaron,* 409 Mich 672; 299 NW2d 304 (1980), there was insufficient evidence of malice. We disagree.

The evidence showed that the victim was initially assaulted in the foyer of his home. A pool of blood and the victim's glasses were found in the foyer and a trail of blood led from the foyer through the living room, dining room, and kitchen into the basement. The victim was found in the basement, tied to a pole and partially covered with

a sheet. The house had been ransacked, the furniture and lamps smashed. Several witnesses testified to signs of a great struggle. The trial judge specifically found that the victim had resisted in a violent and heroic attempt to ward off his attackers.

In light of the overwhelming circumstantial evidence against defendant, we find his claims of ignorance as to an attack upon the victim to be wholly unpersuasive. Although defendant has challenged the trial judge's reliance upon the testimony of the accomplice, it was not improper for the trial judge to take this into consideration. A conviction may be sustained on accomplice testimony alone. *People v Sullivan,* 97 Mich App 488; 296 NW2d 81 (1980). In the instant case, the accomplice's testimony is not uncorroborated. The pool of blood found in the foyer supports the accomplice's testimony that it was defendant who initially suggested assaulting the victim as he came to the door.

The evidence was overwhelming that the victim died of a repeated and severe beating. This evidence further showed that it would have been extremely difficult for defendant's accomplice to have subdued the victim, dragged him to the basement, and tied him up without assistance. It would be even more implausible that the victim could have been assaulted downstairs without defendant, who claims to have been upstairs, hearing sounds of a violent struggle. Defendant's fingerprints were found throughout the house, including several found in the foyer and the kitchen.

We opine that the above described physical facts compel the conclusion that the defendant participated in the assault upon the victim. Defendant's participation in this vicious and gruesome assault

permits the inference that defendant acted with the requisite malice to sustain a conviction for a killing with malice committed during one of the felonies enumerated in the statute, MCL 750.316; MSA 28.548, under the guidelines set forth in *Aaron, supra.*[1] Accordingly, defendant's conviction is affirmed.

Affirmed.

---

[1] In Michigan there are two types of first-degree murder, each proscribed by MCL 750.316; MSA 28.548. One is a "willful, deliberate and premeditated killing", commonly referred to as premeditated murder. The other is a murder occurring during the perpetration of or attempt to perpetrate certain enumerated felonies. This is commonly referred to as first-degree felony murder. It is not to be confused with common-law "felony murder" which in *People v Aaron, supra,* was abolished. *Id.,* 723. Under common-law felony murder, any homicide occurring during the commission of a felony automatically became first-degree murder. *Aaron* did not abolish statutory felony murder.