James R. LAHR, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 29A02–9211–CR–00558.

Court of Appeals of Indiana,
Second District.

June 9, 1993.

---

Karl E. Hadley, Arvin R. Foland & Associate, Noblesville, for appellant-defendant.

Pamela Carter, Atty. Gen., Cynthia L. Ploughe, Deputy Atty. Gen., Indianapolis, for appellee-plaintiff.

SHIELDS, Judge.

James R. Lahr appeals his conviction of operating a motor vehicle with a blood alcohol content of .10% or greater,[1] a class C misdemeanor.

We affirm.

## ISSUE

Was Lahr denied his right to a speedy trial?

1. *See* IC 9–11–2–1(a) (1988), *repealed by* P.L. 2–1991, Sec. 109 (current version at IC 9–30–5–1(a) (1992 Supp.)).

## FACTS

On April 18, 1986, Lahr was arrested and charged with operating a motor vehicle with a blood alcohol content of .10% or greater (O.W.I.). Subsequently, he was convicted of O.W.I. as a class D felony, and found to be a habitual substance offender. Lahr received a four-year sentence enhanced by an additional eight years.

On March 2, 1990, the trial court vacated the class D felony and habitual substance offender sentence enhancements and sentenced Lahr as a class C misdemeanant. On January 22, 1991, this court reversed Lahr's class C misdemeanor conviction and remanded the cause for a new trial. 564 N.E.2d 356.

Lahr's second trial commenced on July 23, 1992. He was found guilty in a jury trial of O.W.I. as a class C misdemeanor. He appeals.

## DISCUSSION

Lahr's sole argument on appeal is that he was deprived of his right to a speedy trial pursuant to Ind.Crim.Rule 4(C), the sixth amendment through the fourteenth amendment of the Constitution of the United States, and art. I, § 12, of the Indiana Constitution.

Our supreme court has held that the time limitations of Crim.R. 4(C) do not apply on retrial. *Nelson v. State* (1989), Ind., 542 N.E.2d 1336, 1338. Instead, when a retrial is required, a defendant must rely on his constitutional speedy trial right,[2] *Fryback v. State* (1980), Ind., 400 N.E.2d 1128, 1131, which requires that a defendant be tried within a reasonable time. *State ex rel. Brumfield v. Perry Circuit Court* (1981), Ind., 426 N.E.2d 692, 694–95; *Driver v. State* (1992), Ind.App., 594 N.E.2d 488, 491, *trans. denied.* In the situation where retrial is mandated by appellate decision, the reasonable time determination involves the lapse of time from certification of the appellate decision, at which point the

2. Indiana has applied the federal analysis to speedy trial claims made under our state constitution. *Scott v. State* (1984), Ind.App., 461 N.E.2d 141, 143.

trial court reassumes jurisdiction of the cause, to the retrial. *See United States v. Kimberlin* (1986), 7th Cir., 805 F.2d 210 *cert. denied*, 483 U.S. 1023, 107 S.Ct. 3270, 97 L.Ed.2d 768 (1987) (for *Barker* purposes the court separately considered the lapse of time before the first trial and the lapse of time from the first trial to the retrial). Here, that delay is from January 11, 1991, until July 23, 1992, a little over eighteen months.

▮ Whether a particular delay in bringing a defendant to trial is such as to implicate the defendant's constitutional rights to a speedy trial depends largely on the peculiar circumstances of the case. *Barker v. Wingo* (1972), 407 U.S. 514, 530-31, 92 S.Ct. 2182, 2191-2192, 33 L.Ed.2d 101; *O'Neill v. State* (1992), Ind.App., 597 N.E.2d 379, 381, *trans. denied.*

> Until there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors that go into the balanc[ing test which courts should apply in determining whether a particular defendant has been deprived of his right to a speedy trial]. Nevertheless, because of the imprecision of the right to speedy trial, the length of delay that will provoke such an inquiry is necessarily dependent upon the peculiar

circumstances of the case. To take but one example, the delay that can be tolerated for an ordinary street crime is considerably less than for a serious, complex conspiracy charge.

*Barker v. Wingo*, 407 U.S. at 530-31, 92 S.Ct. at 2192. Similarly, the delay that can be tolerated for a retrial is considerably less than for an initial trial because the issues and evidence have been fully explored. However, here, we need not concern ourselves with the particular circumstances; there is no question but that the instant eighteen-month delay triggers the inquiry into the *Barker* balancing test factors.[3]

▮ Under the *Barker* test, the relevant factors which are to be considered in determining whether the delay violates a defendant's speedy trial right are: the length of delay, the reasons for delay, the timeliness and vigor of the defendant's assertion of the right to a speedy trial, and the prejudice, if any, the delay caused the defendant. *Barker*, 407 U.S. at 530, 92 S.Ct. at 2192.

Here, over eight months of the eighteen-month delay are attributable to Lahr; four months of the delay are attributable to the State; and the remaining delay is attributable to the trial court.[4] There is no claim

---

**3.** Justice Souter, writing for the majority, recently observed that "[d]epending on the nature of the charges, the lower courts have generally found post accusation delay 'presumptively prejudicial' at least as it approaches one year." *Doggett v. State* (1992), — U.S. —, — n. 1, 112 S.Ct. 2686, 2691 n. 1, 120 L.Ed.2d 520 (citations omitted). Indeed, there is a general consensus that a delay of eight months or longer is presumptively prejudicial, *see Collins v. State* (1975), 163 Ind.App. 72, 75, 321 N.E.2d 868, 871 (*Barker* analysis triggered after nine months, however delay was not inordinate); *Flores v. State* (1990) Miss., 574 So.2d 1314, 1322 (seven-month delay triggered analysis and eight months or longer was presumptively prejudicial); *Smith v. Mabry* (1977), 8th Cir., 564 F.2d 249, 251, *cert. denied*, 435 U.S. 907, 98 S.Ct. 1456, 55 L.Ed.2d 499 (1978) (ten-month delay) and that a delay of less than five months is not presumptively prejudicial. *See United States v. Stoker* (1975), 10th Cir., 522 F.2d 576, 580 (no prejudice for delay less than three months); *People v. Ward* (1978), 85 Mich.App. 473, 271 N.W.2d 280, 282 (five-month delay not prejudicial); *Stewart v. State*, (1976), 170 Ind.App. 696, 701, 354 N.E.2d 749, 753 (five-month delay not

prejudicial). With one exception, the majority of courts have found that a six-to-seven-month delay triggers a *Barker* inquiry. *See United States v. Simmons* (1976), 9th Cir., 536 F.2d 827, 830, *cert. denied*, 429 U.S. 854, 97 S.Ct. 148, 50 L.Ed.2d 130 (six-month delay); *O'Neill v. State* (1992), Ind.App., 597 N.E.2d 379, 381, *trans. denied* (six-month delay); *but see Davis v. State* (1976), 32 Md.App., 318, 323, 360 A.2d 467, 471 (delay of "slightly less than seven months" not sufficiently inordinate to trigger analysis).

**4.** On the date of the first pretrial conference, February 19, 1991, Lahr's counsel sought leave to withdraw. New counsel appeared on February 22, at which time a new pretrial conference was scheduled for April 17. At the April conference, a trial date of May 20 was set. However, thereafter Lahr's second counsel withdrew and the May trial date was delayed and rescheduled for September 12. This delay from February 19 to September 12 reasonably is chargeable to Lahr. The trial court sua sponte continued the September 12 trial date and reset the trial for October 10, 1991. This delay is attributable to the court. Lahr moved to continue the October

the ten-month delay not attributable to Lahr is the result of a deliberate attempt by the State to delay the trial in order to hamper Lahr's defense; the only continuance requested by the State was to accommodate the prosecutor's planned vacation. The remaining delay occurred when, on its own motion, the trial court continued the September 12, 1991, trial date to October 10, 1991, and the March 26, 1992, trial date to July 23, 1992. Regretfully, the record is silent as to the reason for these delays. However, there is no reason to assume, nor does Lahr suggest, that the delay was the result of anything worse than mere negligence. Indeed, it is just as reasonable to assume that the delay was the result of a busy court calendar. In any event, while this delay must be considered, *Barker*, 407 U.S. at 531, 92 S.Ct. at 2192 (reason for delay such as negligence or overcrowded courts should be weighted less heavily than a deliberate attempt to delay the trial), the non-Lahr delay of ten months is not overwhelming; it does not appear to be the result of any deliberate attempt to delay Lahr's retrial.[5]

As to the third factor, the record reveals that Lahr's first assertion of his speedy trial right was through the mechanism of an objection to trial setting and request for discharge filed almost two weeks after the final continuance was ordered.[6] Thus, Lahr's assertion of his speedy trial right was neither particularly timely nor vigorous.

■ Finally, we consider the prejudice, if any, the delay caused the defendant.

Prejudice, of course, should be assessed in the light of the interests of defendants which the speedy trial right was designed to protect. [The Supreme Court] has identified three such interests: (i) to prevent oppressive pretrial incarceration; (ii) to minimize anxiety and concern of the accused; and (iii) to limit the possibility that the defense will be impaired. Of these, the most serious is the last, because the inability of a defendant adequately to prepare his case skews the fairness of the entire system. If witnesses die or disappear during a delay, the prejudice is obvious. There is also prejudice if defense witnesses are unable to recall accurately events of the distant past. Loss of memory, however, is not always reflected in the record because what has been forgotten can rarely be shown.

*Barker,* 407 U.S. at 532, 92 S.Ct. at 2193. There is a general presumption against the mere passage of time as prejudicing a defendant, unless a delay is so extended that the legitimacy of the presumption is undermined and the general presumption must fail. *Scott v. State* (1984), Ind.App., 461 N.E.2d 141, 143; *Terry v. State* (1980), Ind.App., 400 N.E.2d 1158, 1161. That is not the situation here. Therefore, the issue is whether Lahr met his burden of proving prejudice from the delay.

■ Lahr asserts two bases of prejudice: the memory of his defense witness, Nancy Lahr, may have eroded by the lapse of time and the "unnecessary and exponential increase in [his] levels of anxiety and concern" he suffered, Appellant's Brief at 8, both arising from the eighteen-month delay. Although Ms. Lahr did not have the benefit of notes to refresh her recollection as did State witness Trooper Lepper, the record does not reveal that she was unable to answer any question propounded to her due to a lack of memory. As to Lahr's second claim, certainly we are cognizant of

---

10 trial date to accommodate his counsel's vacation. The motion was granted and a fifth choice trial date of November 21, 1991 set. This delay is Lahr's. The November 21 trial date was continued on the State's motion and the cause received a first choice trial date of March 26, 1992. This delay is attributable to the State. The March setting was continued sua sponte by the trial court and reset for July 23, 1992. This delay is attributable to the court. Lahr twice filed objections to the July setting and requested discharge. The objections were overruled and the motions for discharge denied. Trial commenced on July 23, as scheduled.

5. However, we recognize that regardless of the problems inherent in case loads, the duty to provide a speedy trial rests with the State.

6. Lahr filed a second objection to trial setting and request for discharge three days before his trial commenced.

the fact that although Lahr was not incarcerated pending his retrial, an accused still often lives "under a cloud of anxiety, suspicion, and often hostility." *Barker*, 407 U.S. at 533, 92 S.Ct. at 2193. However, given the relatively short period of ten months, this factor does not weigh heavily in Lahr's favor. Indeed, in *Barker* the Supreme Court determined that Barker's "living for over four years under a cloud of suspicion and anxiety," with only ten months of those four years in jail awaiting trial, constituted minimal prejudice. *Id.* at 534, 92 S.Ct. at 2194. Thus, although we recognize that "impairment of one's defense is the most difficult form of speedy trial prejudice to prove," Appellant's Reply Brief at 10 (quoting *Doggett v. United States* (1992), —— U.S. ——, ——, 112 S.Ct. 2686, 2692, 120 L.Ed.2d 520), we are constrained to hold that Lahr has failed to demonstrate any prejudice to his defense; therefore, his claim of prejudice must fail.

In summary, applying the *Barker* balancing test to Lahr's claim he was denied his constitutionally based right to a speedy trial, we hold that he was not in fact deprived of this right.

Judgment affirmed.

SULLIVAN and NAJAM, JJ., concur.