*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

EARL LEE SULLIVAN,

Defendant-Appellant.

UNPUBLISHED
April 01, 2025
2:02 PM

No. 366663
Wayne Circuit Court
LC No. 78-005045-01-FC

Before: MALDONADO, P.J., and LETICA and WALLACE, JJ.

PER CURIAM.

In 1978, defendant was convicted by a jury of first-degree murder, MCL 750.316, and carrying a firearm during the commission of a felony (felony-firearm), MCL 750.227b. He was sentenced to life imprisonment without the possibility of parole for first-degree murder and two years' imprisonment for felony-firearm. The trial court thereafter entered two amended judgments of sentence, in 2017 and 2018, respectively. Defendant subsequently moved for relief from the second amended judgment of sentence, and the trial court denied defendant's motion. Defendant now appeals by leave granted[1] the order denying his motion for relief from the second amended judgment of sentence. We affirm.

## I. BACKGROUND FACTS

This case arises out of an armed robbery of an elderly couple committed by defendant and his codefendant, resulting in the death of one of the victims. *People v Sullivan*, 97 Mich App 488, 493; 296 NW2d 81 (1980). In December 1978, defendant was convicted by a jury of first-degree murder and felony-firearm, and was thereafter sentenced as described above. *Id*. at 490-491. Defendant appealed on grounds unrelated to the issue raised in the instant appeal, and this Court affirmed defendant's convictions and sentences. *Id*. at 491-494. Our Supreme Court denied leave

---

[1] *People v Sullivan*, unpublished order of the Court of Appeals, entered October 10, 2023 (Docket No. 366663).

to appeal. *People v Sullivan*, 412 Mich 902; 315 NW2d 409 (1982). Defendant subsequently filed numerous motions, including an unsuccessful motion for relief from judgment.

In March 2017, defendant filed a motion to correct a purported clerical error in the order of conviction and sentence pursuant to MCR 6.435(A). Defendant alleged that he was charged with and convicted of second-degree murder, MCL 750.317, and the order of conviction and sentence erroneously indicated that he was convicted of first-degree murder. In support of this claim, defendant attached a journal of the Recorder's Court dated March 25, 2008, which indicated that he was sentenced in December 1978 for second-degree murder, and a trial court register of actions, which indicated that he stood mute to the charge of second-degree murder at his arraignment and was sentenced for that offense following his conviction. The predecessor trial court denied defendant's motion without explanation. Defendant thereafter moved for reconsideration and the trial court again denied the motion, finding that "[a]ll court records are accurate." However, in May 2017, the predecessor trial court sua sponte entered a first amended judgment of sentence that changed defendant's murder conviction from first-degree murder to second-degree murder, purportedly "[c]orrecting clerical error."

In February 2018, the prosecution filed a motion to reissue the first amended judgment of sentence, alleging that the judgment was not provided to the prosecution upon its entry and the original order of conviction and sentence accurately stated that defendant was convicted of first-degree murder. Thus, the prosecution requested that the trial court reissue the first amended judgment of sentence so that the prosecution could timely and substantively challenge its entry. The predecessor trial court, treating the motion as a motion to amend the judgment of sentence, entered a second amended judgment of sentence that changed defendant's murder conviction back to first-degree murder, again for the purported purpose of correcting a clerical error, effectively reinstating defendant's original order of conviction and sentence.

Defendant then moved for relief from the second amended judgment of sentence, arguing that the entry of that judgment violated MCR 6.429(A) and MCR 6.435. The trial court disagreed, finding that the second amended judgment of sentence was properly entered under both MCR 6.429(A) and MCR 6.435(A), and denied defendant's motion. Defendant now appeals.

Defendant argues that the trial court abused its discretion by denying his motion for relief from the second amended judgment of sentence because the entry of that judgment violated MCR 6.429(A), MCR 6.435, and his due-process right to an opportunity to be heard. We disagree.

## II. STANDARD OF REVIEW

This Court reviews for an abuse of discretion a trial court's decision on a motion for relief from judgment under MCR 6.502. *People v McSwain*, 259 Mich App 654, 681; 676 NW2d 236 (2003). "A trial court abuses its discretion when it selects an outcome outside the range of reasonable and principled outcomes," *People v Uphaus*, 278 Mich App 174, 181; 748 NW2d 899 (2008), or "when it makes an error of law," *People v Franklin*, 500 Mich 92, 100; 894 NW2d 561 (2017) (quotation marks and citation omitted). This Court reviews a trial court's factual findings supporting its decision on a motion for relief from judgment for clear error. *People v Swain*, 288 Mich App 609, 628; 794 NW2d 92 (2010). "Clear error exists when the reviewing court is left with the definite and firm conviction that a mistake has been made." *People v Chaney*, 327 Mich

App 586, 587 n 1; 935 NW2d 66 (2019) (quotation marks and citation omitted). This Court reviews de novo the interpretation and application of the court rules. *People v White*, 337 Mich App 558, 567; 977 NW2d 138 (2021) (citation omitted). The unambiguous language of a court rule "is given its plain meaning and is enforced as written." *Patel v Patel*, 324 Mich App 631, 640; 922 NW2d 647 (2018) (quotation marks and citation omitted).

## III. ANALYSIS

## A. MOTION FOR RELIEF FROM JUDGMENT

Generally, "[a] defendant is only entitled to file one motion for relief from judgment." *Swain*, 288 Mich App at 631, citing MCR 6.502(G)(1). However, MCR 6.502(G)(2) permits the filing of a successive motion for relief from judgment based on "a retroactive change in law that occurred after the first motion for relief from judgment was filed[.]" MCR 6.502(G)(2)(a). Thus, a defendant must first make a threshold showing that a successive motion for relief from judgment is based upon a retroactive change in the law. *People v Owens*, 338 Mich App 101, 114; 979 NW2d 345 (2021). After making this threshold showing, a defendant "may be entitled to relief from judgment if good cause and actual prejudice warrant granting relief." *Id.* at 114-115. This requirement is set forth in MCR 6.508(D)(3), which provides that a trial court is precluded from granting relief from judgment if the motion

> alleges grounds for relief, other than jurisdictional defects, which could have been raised on appeal from the conviction and sentence or in a prior motion under this subchapter, unless the defendant demonstrates
>
> (a) good cause for failure to raise such grounds on appeal or in the prior motion, and
>
> (b) actual prejudice from the alleged irregularities that support the claim for relief. As used in this subrule, "actual prejudice" means that,
>
> * * *
>
> (*iv*) in the case of a challenge to the sentence, the sentence is invalid.

Here, defendant argued that *People v Comer*, 500 Mich 278; 901 NW2d 553 (2017), superseded by rule as stated in *People v Nunez*, 342 Mich App 322, 329 n 5; 994 NW2d 824 (2022), established a retroactive change in the law that entitled him to file a successive motion for relief from judgment and the trial court agreed.[2] See MCR 6.502(G)(2)(a). In *Comer*, the trial court failed to impose lifetime electronic monitoring as part of the defendant's sentence for first-degree criminal sexual conduct as required by MCL 750.520n, but later entered a new judgment imposing lifetime monitoring. *Comer*, 500 Mich at 283-285. On appeal, our Supreme Court held that, when a trial court imposes an invalid sentence, e.g., a sentence that does not conform with a

---

[2] The prosecution has not challenged this decision by filing a cross-appeal.

statutory mandate, the trial court is prohibited under MCR 6.435 and MCR 6.429 from correcting the invalid sentence on its own initiative after that judgment is entered. *Id*. at 297.

Likewise, defendant argued in this case that the trial court's second amended judgment of sentence—which purportedly corrected an invalid sentence set forth in the first amended judgment of sentence—was improperly entered and he was entitled relief. But, as the trial court noted, in this case—unlike in the *Comer* case—the predecessor trial court did not actually make a mistake in sentencing defendant that it corrected by entering the first amended judgment; rather, the court merely was attempting to correct what it believed—wrongly—was a clerical error on the face of the original order of conviction and sentence that had been entered almost 40 years before. When that error was discovered, a second amended judgment of sentence was entered. The trial court held that the error corrected was clerical, not substantive, because it merely restated defendant's actual and valid sentence of non-parolable life imprisonment for his first-degree murder jury conviction—as stated in his original order of conviction and sentence. Thus, MCR 6.435(A) permitted the court to amend the judgment of sentence to correct the clerical error. Accordingly, the trial court held that defendant had not carried his burden of establishing that he was entitled to the relief requested in his motion, i.e., a sentence of parolable life based on a second-degree murder conviction that did not exist. Thus, defendant's motion for relief from judgment was denied. We conclude that the trial court did not abuse its discretion.

## B. MCR 6.429 AND MCR 6.435

"[A]ny corrections or modifications to a judgment of sentence must comply with the relevant statutes and court rules." *People v Holder*, 483 Mich 168, 176; 767 NW2d 423 (2009). Thus, resolution of this issue requires consideration of MCR 6.429, which governs the modification of a sentence, and MCR 6.435, which governs the correction of mistakes in the record, including judgments. MCR 6.429 provides, in relevant part:

> **(A) Authority to Modify Sentence.** The court may correct an invalid sentence, on its own initiative after giving the parties an opportunity to be heard, or on motion by either party. But the court may not modify a valid sentence after it has been imposed except as provided by law. Any correction of an invalid sentence on the court's own initiative must occur within 6 months of the entry of the judgment of conviction and sentence.

Thus, MCR 6.429(A) "reflects the well-recognized principle that trial courts possess the power to review and correct an invalid sentence" and "distinguishes this power from the trial court's authority to modify a valid sentence, which is much more circumscribed." *Comer*, 500 Mich at 295. With respect to the correction of errors in the record, MCR 6.435 provides, in relevant part:

> **(A) Clerical Mistakes**. Clerical mistakes in judgments, orders, or other parts of the record and errors arising from oversight or omission may be corrected by the court at any time on its own initiative or on motion of a party, and after notice if the court orders it.

> **(B) Substantive Mistakes**. After giving the parties an opportunity to be heard, and provided it has not yet entered judgment in the case, the court may reconsider and modify, correct, or rescind any order it concludes was erroneous.

-4-

Accordingly, under MCR 6.435, a trial court may sua sponte correct a clerical error in a judgment, but may only correct a substantive mistake if it has not yet entered judgment in the case.

## C. APPLICATION OF THE LAW TO THE FACTS

### 1. ORIGINAL ORDER OF CONVICTION AND SENTENCE

Turning first to defendant's argument that the trial court clearly erred by finding he was convicted of first-degree murder and, thus, erred by finding that the original order of conviction and sentence was valid. We conclude that the trial court did not err with respect to either of these findings.

The trial court's finding that defendant was convicted of first-degree murder was supported by a very detailed record of the trial, made by the clerk of the judge who presided over defendant's jury trial, located in the original court file and dated December 6, 1978, which indicated that the jury found defendant guilty of first-degree murder contrary to MCL 750.316. The Order of Conviction and Sentence states that defendant was convicted of "Murder 1st Degree – Felony." The Order of Commitment, signed by the judge who presided over the trial, and certified by a Deputy Clerk of the Court, also states that defendant was convicted by a jury of "Murder First Degree - Felony" and that defendant was sentenced to mandatory life in prison. The trial court's finding that defendant was convicted of first-degree murder was also supported by the transcript from defendant's December 14, 1978 sentencing hearing, in which the sentencing court noted that the jury convicted him of first-degree murder, and sentenced defendant to "mandatory imprisonment at hard labor" for "murder in the first degree." Also supporting the trial court's finding is the following exchange from the sentencing hearing:

*The Court*: I believe that [defendant] is aware that a conviction of first degree murder carries a mandatory sentence of life imprisonment.

Mr. Sullivan, do you have anything to say at this time?

*The Defendant*: Yes. I want to say that when I was first arrested they charged me with murder two.

*The Court*: The file does not indicate [that] here, Mr. Sullivan.

\* \* \*

*The Defendant*: Does this mean that the first charge of murder two is not on the record like it's supposed to be?

*The Court*: There is nothing here to indicate that, Mr. Sullivan.

*The Defendant*: Everything changed and I don't understand that. I had no gun with me and I'm being charged with all of that.

*[The Court]*: You were remanded by a judge on your arraignment on murder one and then re-remanded by Judge Ford at your preliminary examination on the charge of first degree murder.

This finding is further supported by this Court's decision in defendant's appeal of right from the original order of conviction and sentence, in which this Court noted that defendant was convicted of first-degree felony-murder. *Sullivan*, 97 Mich App at 490. There is, thus, ample record evidence to support the trial court's finding that defendant was convicted of first-degree murder as stated in the original order of conviction and sentence, and the trial court did not clearly err by so finding.

Nor did the trial court err by finding that the original order of conviction and sentence imposed a valid sentence. "A sentence is invalid when it is beyond statutory limits, when it is based upon constitutionally impermissible grounds, improper assumptions of guilt, a misconception of law, or when it conforms to local sentencing policy rather than individualized facts." *People v Miles*, 454 Mich 90, 96; 559 NW2d 299 (1997). As the trial court properly found, the original order of conviction and sentence accurately set forth that defendant was convicted by a jury of first-degree murder, and was subsequently sentenced for that offense as statutorily mandated. Defendant did not argue in the trial court, nor does he argue on appeal, that his sentence fell within any of the circumstances set forth in *Miles*. Defendant, therefore, has not established that the trial court erred by finding that the original order of conviction and sentence imposed a valid sentence.

## 2. FIRST AMENDED JUDGMENT OF SENTENCE

Because the original order of conviction and sentence entered in 1978 imposed a valid sentence, under MCR 6.429(A), the predecessor trial court was not permitted to modify defendant's sentence after its imposition except as provided by law. The first amended judgment of sentence was entered on May 30, 2017, allegedly correcting a "clerical error" with respect to defendant's murder conviction and sentence, presumably under MCR 6.435(A) as defendant had argued in his March 2017 motion. However, as the trial court correctly found here, the original order of conviction and sentence accurately reflected the first-degree murder conviction rendered by the jury and the mandatory sentence of non-parolable life in prison; thus, there was no "clerical error" to correct. In other words, as the trial court noted, the amendment itself was a clerical error.

## 3. SECOND AMENDED JUDGMENT OF SENTENCE

After the prosecution became aware of the erroneously entered first amended judgment of sentence—just before a scheduled parole hearing for defendant—the prosecution filed a motion to reissue that amended judgment of sentence so that it could be challenged on appeal as erroneous. Instead of reissuing the first amended judgment of sentence, the predecessor trial court entered a second amended judgment of sentence on February 14, 2018, which is consistent with the original order of conviction and sentence entered in 1978. In his motion for relief from that judgment, defendant argued that the predecessor court violated MCR 6.429(A) because it was not permitted to correct an invalid sentence on its own initiative, beyond the six-month time limit, and without giving the parties an opportunity to be heard. The trial court disagreed, holding that the second amended judgment of sentence did not "correct an invalid sentence;" rather, it merely corrected a clerical error as authorized under MCR 6.435(A). In other words, because defendant was actually and validly sentenced to non-parolable life in prison on his jury conviction of first-degree murder, the amendment to the original order of conviction and sentence constituted a clerical error "arising

from oversight or omission" that could be corrected by the court at any time on its own initiative or on motion of a party—which, in this case, was the prosecution's motion.

We agree with the trial court's analysis and decision. First, the original order of conviction and sentence entered in 1978, stating that defendant was sentenced to mandatory, non-parolable life in prison on his jury conviction of first-degree murder, was accurate and constituted a valid sentence. Second, because defendant's conviction and sentence were never successfully challenged by him, his conviction and sentence remained the same from 1978 to 2017. Nevertheless, the predecessor trial court, in 2017, mistakenly amended the judgment, allegedly correcting a "clerical error" with respect to the listing of defendant's murder conviction and sentence. Again, no lower court proceedings—like evidentiary or resentencing hearings—were held before this erroneous amendment occurred; thus, the changes to the judgment were not based on new or different factual circumstances or legal rationale. In other words, the changes in the first amended judgment of sentence were not the result of a reasoned judicial decision, rather the changes were more like a scrivener's error in that the charge and sentence were listed incorrectly.

Third, in 2018, when the predecessor trial court became aware that the first amended judgment contained "errors arising from oversight or omission," MCR 6.435(A), it corrected those clerical mistakes by entering a second amended judgment of sentence. We agree that the predecessor trial court was permitted to correct the clerical mistakes when they were identified and without providing notice to defendant, as stated in MCR 6.435(A).[3] Further, as the trial court held in denying defendant's motion for relief from judgment, the second amended judgment of sentence did not "correct an invalid sentence" in violation of MCR 6.429(A). That is so because defendant was not sentenced or resentenced in 2017 before the first amended judgment was entered; rather, the only time defendant was sentenced was in 1978 and his sentence was, in fact, valid.[4] Therefore, the rationale set forth in the *Comer* case is not applicable to the circumstances of this case.[5] See *Comer*, 500 Mich at 297. Accordingly, defendant's argument that the entry of the second amended judgment of sentence violated MCR 6.429(A) and MCR 6.435 is without merit.[6]

---

[3] To the extent that defendant argues on appeal that the predecessor trial court "lacked jurisdiction" to enter the second amended judgment of sentence, defendant mistakenly conflates the concepts of having jurisdiction, i.e., the existence of jurisdiction, with allegedly making a mistake in the exercise of jurisdiction. See *People v Washington*, 508 Mich 107, 123; 972 NW2d 767 (2021); *Buczkowski v Buczkowski*, 351 Mich 216, 221-222; 88 NW2d 416 (1958).

[4] In *People v Whalen*, 412 Mich 166, 169; 312 NW2d 638 (1981), our Supreme Court explained that a trial court has limited authority to set aside a valid sentence because only the governor has commutation power.

[5] Defendant also relies on *People v Lee*, 489 Mich 289, 297; 803 NW2d 165 (2011), in support of his argument but that case is inapposite because, again, it involved making a mistake in sentencing.

[6] We also reject defendant's argument that his due process rights were violated by the entry of the second amended judgment of sentence because, at minimum, MCR 6.435(A) allows for such clerical mistakes to be corrected by the court at any time, without notice, and further, defendant

It follows, then, that the trial court did not abuse its discretion when it denied defendant's motion for relief from judgment. Pursuant to MCR 6.508(D), defendant was required to establish "entitlement to the relief requested." Although defendant did not state the grounds supporting his request for relief, it appears he relied upon MCR 6.508(D)(3) which requires that good cause and actual prejudice from the alleged irregularities be shown, where the "actual prejudice" is that "the sentence is invalid." MCR 6.508(D)(3)(b)(iv). While there were irregularities in this case, particularly the erroneous entry of a first amended judgment of sentence, defendant did not carry his burden of establishing that he was entitled to the relief requested. That is, the relief defendant requested was a sentence of parolable life based on a second-degree murder conviction that did not exist. The second amended judgment of sentence correctly states defendant's actual and valid sentence of non-parolable life for his first-degree murder jury conviction that occurred in 1978; consequently, defendant is not subjected to actual prejudice arising from serving an invalid sentence because his sentence is valid.

Affirmed.

/s/ Allie Greenleaf Maldonado
/s/ Anica Letica
/s/ Randy J. Wallace

---

had no right to resentencing and no right to serve a sentence for a conviction that did not exist, i.e., he was never convicted of second-degree murder.